STATE OF NORTH CAROLINA v. TED FLOYD PAYNE, JR.

No. 41

(Filed 15 December 1971)

**1. Criminal Law §§ 162, 173— objection after previous consent**

Where defense counsel stated that he had no objection to the reporter reading a witness' testimony to the jury after the jury returned to the courtroom for clarification of the witness' testimony, objection thereto interposed by defendant after the testimony had been read and the jury had resumed its deliberations came too late.

**2. Criminal Law § 173— invited error**

Invited error is not ground for a new trial.

APPEAL by defendant from decision of the North Carolina Court of Appeals reported in 11 N.C. App. 101 finding no error in the trial, verdict of guilty, and judgment against the defendant entered in the Superior Court of MADISON County, upon a charge of operating a motor vehicle on a public highway while under the influence of intoxicating liquor.

There was a dissent filed to the decision of the Court of Appeals which gave the defendant the right to this appeal.

After the appeal was docketed here, the defendant filed an addendum to the record, to which the solicitor agreed, adding Assignments of Error Nos. 79 and 80.

*Robert Morgan, Attorney General, by William W. Melvin, Assistant Attorney General, and T. Buie Costen, Assistant Attorney General, for the State.*

*Swain and Fowler, attorneys, by Robert S. Swain for defendant appellant.*

HIGGINS, Justice.

The evidence is accurately stated and discussed in the opinions filed in the Court of Appeals. We agree with the evaluation of the evidence stated in the majority opinion. The objections to the trial discussed in the dissenting opinion do not appear to us to be of sufficient moment to have had any influence whatever on the outcome of the trial. However, the addendum to the record, by Assignment of Error No. 79, presents a question not raised in the Court of Appeals. We quote here the full text of the assignment:

State v. Payne

"The Court committed error in allowing the re-introduction of State's evidence after the Jury retired to deliberate as follows:

(After retiring the Jury returned to the Court for further instruction.)

THE FOREMAN: We would like to know, when the patrolman saw that man, if there was just him in the car when he first caught up with him. We would like for that part to be read back to us, or either ask Mr. Bumgarner to take the stand—when he met the man, first met him and turned around.

THE COURT inquired of counsel if there was any objection to reading the tape back to the Jury. The Solicitor and Defense Counsel stated that they did not object. The pertinent portion of the tape was played back to the Jury. After the Jury retired, counsel for the Defendant stated to the Court that the Defendant excepted to the inquiry being made in the presence of the Jury and that he objected to the re-introduction of this evidence."

[1]  The jury returned for clarification of the patrolman's evidence. The court made inquiry whether there was objection to the reporter reading the testimony. Both the solicitor and defense counsel each stated he had no objection. After the testimony was read and the jury returned for further deliberation, the defendant entered an objection to the reading of the testimony and assigned it as Error No. 79. The objection came after the previous consent upon which the court had acted. The objection came too late.

[2]  Ordinarily one who causes (or we think joins in causing) the court to commit error is not in a position to repudiate his action and assign it as ground for a new trial. The foregoing is not intended as any intimation the court committed error in this instance; but to point out the legal bar to the defendant's right to raise the question. Invited error is not ground for a new trial. *Overton v. Overton,* 260 N.C. 139, 132 S.E. 2d 349; *Brittain v. Blankenship,* 244 N.C. 518, 94 S.E. 2d 489; *Sumner v. Sumner,* 227 N.C. 610, 44 S.E. 2d 40.

Assignment of Error No. 80 involved the refusal of the court to set the verdict aside. This assignment is formal and does not require discussion.

The decision of the Court of Appeals in our opinion is correct and is

Affirmed.