STATE OF NORTH CAROLINA v. ROBEY CLYDE BROWN

No. 7525SC110

(Filed 18 June 1975)

**1. Assault and Battery § 13— assault with a deadly weapon — threats and assault by victim**

In a prosecution for assault with a deadly weapon with intent to kill, the trial court did not err in excluding testimony of prior threats

State v. Brown

made by the victim or testimony concerning the victim's prior assault on a third person.

2. Assault and Battery § 13; Criminal Law § 50— eyewitness to assault — opinions properly excluded

In a prosecution for assault with a deadly weapon with intent to kill, the trial court did not err in refusing to allow a witness who fully described the actions of defendant and the victim immediately prior to and during the shooting to give his opinions that defendant was trying to get away from the victim at the time of the shooting and defendant was not the aggressor.

APPEAL by defendant from *Winner, Judge.* Judgment entered 12 September 1974 in Superior Court, BURKE County. Heard in the Court of Appeals 6 May 1975.

Defendant was charged in a bill of indictment with the felony of assault upon Manley Carswell with a deadly weapon with intent to kill, inflicting serious injuries. The jury found defendant guilty as charged.

The State's evidence tended to show the following: On 12 January 1974 defendant and Carswell were in the Starling Street Pool Room. Defendant struck Carswell in the back of the head while Carswell was seated in front of him. Defendant and Carswell began to scuffle, and Carswell wrestled defendant to the floor. Defendant asked Carswell to let him up, which Carswell did. Defendant walked toward the front of the building, and Carswell turned his back and started to sit down. Defendant shot Carswell in the back one time, and as Carswell turned, defendant shot him two more times in the shoulder. Carswell did not have a weapon of any kind.

The defendant's evidence tended to show the following: Carswell hit defendant several times with his fists. As defendant backed away, Carswell made a gesture toward his (Carswell's) hip and said, "I think I'll blow your brains out right now." Defendant thought Carswell had a gun and was afraid. Defendant drew his own pistol and shot Carswell in self-defense. Defendant's evidence further tended to show that on the day immediately preceding the day defendant shot Carswell, Carswell drove up beside defendant's car on the highway, pointed a pistol at defendant, and stated he would blow defendant's g- d- head off.

From his conviction defendant appealed.

State v. Brown

Attorney General Edmisten, by Assistant Attorney General Donald A. Davis, for the State.

Simpson, Martin, Baker & Aycock, by Samuel E. Aycock, for the defendant.

BROCK, Chief Judge.

[1] Defendant argues that the trial court committed error in excluding testimony of prior threats made by Carswell. This argument is untenable. The defendant and his witness Clark were both permitted to testify about Carswell's (the victim's) threatening defendant with a pistol on the day before defendant shot Carswell. The testimony of defendant's witness LaFevers concerning an earlier assault upon LaFevers by Carswell was properly excluded as having no proper relevance to defendant's plea of self-defense. Although defendant may have been entitled, upon his plea of self-defense, to offer evidence of Carswell's reputation for being a violent and dangerous fighting man, he was not entitled to establish such reputation by showing an isolated instance of an assault upon a third party, even though it was in defendant's presence.

[2] Defendant further argues that it was error to refuse to allow his eye witness to state his opinions that (1) defendant was "trying to get away" from Carswell at the time of the shooting, and (2) defendant "was not the aggressor." This eye witness testified fully in describing the actions of both the defendant and Carswell immediately prior to and during the shooting. All the evidence was clearly before the jury in detail, and it was the function of the jury to decide whether defendant was trying to get away and whether defendant was the aggressor. We recognize that a witness is often permitted to give a "shorthand statement of the facts" or "an instantaneous conclusion of the mind" or "a natural and instinctive inference" where it is not practical to describe the facts in detail because of limitations of customary speech or the difficulty of analyzing the thought processes by which the witness reaches a conclusion. State v. Kincaid, 183 N.C. 709, 110 S.E. 612 (1922); State v. Bailey, 4 N.C. App. 407, 167 S.E. 2d 24 (1969). Nevertheless, the witness in this case demonstrated his ability to relate the facts in detail, and, for this reason, if there were error in the trial court's exclusion of the opinions, we cannot perceive that it constitutes prejudicial error.

In our opinion defendant had a fair trial free from prejudicial error. The jury chose to reject defendant's contention that he acted in self-defense.

No error.

Judges MORRIS and HEDRICK concur.