STATE OF NORTH CAROLINA v. MICHAEL L. SHARRATT AND RONALD RICHARDSON

No. 7512SC957

(Filed 21 April 1976)

1. **Criminal Law § 66— in-court identification — failure to hold voir dire — harmless error**

    In this prosecution for rape and crime against nature, the admission of testimony by the victim tending to identify defendants as the persons who committed the crimes without a *voir dire* hearing to determine its admissibility after defendants objected generally thereto did not constitute prejudicial error where it is clear that the in-court identification was based on the victim's observation of defendants prior to and at the time of the crimes, and where defendants admitted they were with the victim at the time and places in question but denied that they engaged in the conduct described by her.

2. **Criminal Law § 66— hospital showup identification — admissibility**

There was no substantial risk of misidentification when a crime against nature and rape victim identified defendants at a hospital showup, and evidence of the showup identification was properly admitted in defendants' trial, where the time between the offenses and the hospital showup was only 30 to 40 minutes; the victim had generous opportunity to observe defendants during the offenses; she paid particular attention to defendants because of the conduct in which they engaged; she gave the police an accurate description of each defendant; she demonstrated a high level of certainty of identification at the showup; and she became hysterical at the sight of defendants; furthermore, the showup procedure was appropriate under the circumstances since the police had no way of knowing how long the victim would be confined in the hospital and thus could not reasonably arrange a lineup, and the police needed confirmation of defendants' identities to avoid incarceration of innocent persons.

3. **Criminal Law § 86— impeachment of defendant — dismissed criminal charges**

The trial court properly refused to permit defense counsel to impeach the prosecutrix by cross-examination relating to a controlled substances charge against her which had been dismissed.

4. **Criminal Law § 99— remark by court — absence of prejudice**

In a prosecution for rape and crime against nature, defendant was not prejudiced when the trial court, in sustaining the State's objection to repetitious questions asked the prosecutrix concerning her admission that she had engaged in prostitution, remarked that "It's distasteful enough, Mr. Little, to go through it once."

5. **Searches and Seizures § 2— consent to search — warrant not necessary**

No warrant was necessary for the search of a truck at the police station where the defendant who owned the truck consented to the search.

APPEAL by defendants from *Bailey, Judge*. Judgments entered 18 June 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 15 March 1976.

Each defendant was charged in a separate two-count bill of indictment, in substantially identical language, with the felonies of (1) kidnapping [G.S. 14-39] and (2) crime against nature [G.S. 14-177]. Each defendant was also charged in a separate bill of indictment, in substantially identical language, with the felony of rape [G.S. 14-21]. The jury found defendants not guilty of kidnapping; therefore, this appeal is concerned only with defendants' convictions of the offenses of (1) crime against nature and (2) second degree rape.

*Attorney General Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*James D. Little, Public Defender, for the defendants.*

BROCK, Chief Judge.

We decline to encumber these pages with the prosecuting witness's recitation and description of the depraved, bestial and sadistic treatment she received from defendants. Defendants, advisedly, do not argue insufficiency of the State's evidence to support their conviction of either the offense of crime against nature or the offense of second degree rape. Our references to evidence will be confined to that necessary for a discussion of the assignments of error.

[1]  The series of events which culminated in the acts complained of first began at about 5:30 p.m. on 15 February 1975 on Hay Street in the City of Fayetteville. Judy Ann Voorhees (Voorhees) walked down to Hay Street with a friend. Upon arriving there, defendant Richardson talked with her, and she was subsequently pushed into a truck driven by defendant Sharratt. When Voorhees was asked with whom she talked, Richardson objected. When Voorhees was asked who was driving the truck, Sharratt objected. Defendants assign as error the court's admission of testimony identifying them without first conducting a *voir dire*. At the time of these general objections, there was no suggestion of an in-custody confrontation, and neither defendant requested a *voir dire* or otherwise stated grounds for his objection.

When the State offers a witness whose testimony tends to identify a defendant as the person who committed the crime charged, the better procedure dictates that the trial judge, even upon a general objection only, conduct a *voir dire* in the absence of the jury, find facts, and thereupon determine the admissibility of the in-court identification testimony. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972). "Failure to conduct the voir dire, however, does not necessarily render such evidence incompetent." *State v. Stepney, id.* In the case presently before us, the witness (Voorhees) was in the company of defendants for about one and one-half hours. She saw both of them clearly at the meeting on Hay Street. She saw both of them while riding between them in the truck through the streets of Fayetteville and to a wooded area behind the Highland Nursing Home.

She observed each defendant as he engaged in abusive and sordid conduct upon her. She gave a detailed and accurate description of defendants and the truck to the police before defendants were arrested. In fact, the defendants admitted being with Voorhees on the day and at the places in question. The crux of their defense was that they did not engage in the conduct as described by Voorhees. It is clear from the evidence that the in-court identification originated with and was based upon Voorhees' observation of defendants prior to and at the time of the crime against nature and the rape. Therefore, the failure of the trial court to conduct a *voir dire* and make findings of fact must be deemed harmless error beyond a reasonable doubt. This assignment of error is overruled.

[2] By defendants' next assignment of error they argue that evidence of the out-of-court identification of defendants should have been excluded because the procedure employed by the police was impermissibly suggestive.

After Voorhees was able to evade the defendants, she ran to the nearby Highland Nursing Home where she was wrapped in a sheet and the police were called. When an officer arrived, Voorhees related to him what defendants had done and gave the officer a description of defendants. The officer relayed the description to the police radio dispatcher. Voorhees was then transported to Cape Fear Valley Hospital for examination and treatment of her injuries. Within thirty to forty minutes after Voorhees eluded them, the two defendants were arrested and brought to the hospital for identification. When defendants were brought into the hospital, Voorhees identified them as her assailants, and defendants were then immediately transported to jail.

The State was permitted to offer in evidence before the jury testimony relating to the identification by Voorhees of defendants at the showup at the hospital. Defendants argue that even though Voorhees' in-court identification of defendants may stem from her observation of them before and during the offenses and therefore is of origin independent of the showup at the hospital, the hospital showup was so impermissibly suggestive as to require exclusion of evidence of that showup.

In this case Voorhees had generous opportunity to observe defendants during the offenses; she paid particular attention

to them because of the conduct in which they engaged; she gave the police an accurate description of each defendant; she demonstrated a high level of certainty of identification at the hospital showup, and she became hysterical at the sight of them; and the time between the offenses and the hospital showup was only thirty to forty minutes. It clearly appears that Voorhees' identification was reliable, and in view of all of the circumstances, there was no substantial risk of misidentification, and there was no denial of due process. *See State v. Shore,* 285 N.C. 328, 204 S.E. 2d 682 (1974). Further, it appears that the showup procedure was appropriate under the circumstances. Voorhees was in the hospital for examination and treatment of injuries. The police had no way of knowing how long she would be confined. Therefore, they could not reasonably arrange a lineup. The defendants had been arrested in reliance upon the description broadcast on the police radio, and the police needed reasonably immediate confirmation of defendants' identities to avoid incarceration of innocent persons. This assignment of error is overruled.

[3] Defendants argue that they should have been permitted to impeach the State's witness Voorhees by cross-examination relating to a controlled substances act violation charge against her, which was later dismissed. For purposes of impeachment North Carolina bars cross-examination regarding an indictment or other accusation of crime, as distinguished from a conviction. For purposes of impeachment a witness, including the defendant in a criminal case, may be cross-examined concerning prior convictions or specific instances of criminal and degrading conduct, but he may not be cross-examined as to whether he has been indicted or is under indictment, or has been accused either informally or by affidavit on which a warrant is issued, or has been arrested, for a criminal offense other than that for which he is then on trial. *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971). This assignment of error is overruled.

[4] Defendant Sharratt argues that the trial judge made a statement that was prejudicial to him. During the course of her testimony, the State's witness Voorhees stated that on two occasions in October 1974 she engaged in sexual intercourse for money. She stated that she was thereafter married in October 1974 and did not engage in prostitution during the months of November 1974 through February 1975. Counsel for Sharratt pursued the questioning concerning prostitution in the month of February 1975 and then asked about the month of January

State v. Sharratt

1975. The State's objection to further questions about January 1975 was sustained by the trial judge as repetitious. The judge then stated: "It's distasteful enough, Mr. Little, to go through it once." Defendant Sharratt argues that this remark was prejudicial to him. Although the judge may have been well advised to rule on the State's objection and omit the gratuitous remark to defense counsel, we fail to see prejudice to defendant Sharratt. It seems that the remark amplified the admission of the State's witness that she had at one time engaged in prostitution. Rather than prejudicial to defendant Sharratt, it seems that the remark was prejudicial to the State. This assignment of error is overruled.

[5]   Defendants argue that the evidence obtained by a search of defendants' truck should have been suppressed. They argue that no search warrant was obtained and that the search was therefore unconstitutional. The police took possession of the truck at the time of defendants' arrests and thereafter retained custody of the truck. Defendants argue that because there was no immediate search and no need for immediate search, a warrant was required. This argument ignores the clear evidence of consent to the search after the truck was taken into custody. From plenary, competent evidence on *voir dire* the trial judge found that the owner of the truck (Sharratt) freely consented to the very search that was conducted. This consent rendered competent the evidence thereby obtained. This assignment of error is overruled.

Defendants' assignments of error to the opinion testimony of the physician who examined State's witness Voorhees, to the opinion testimony of the agent of the State Bureau of Investigation, and to the charge of the court to the jury have been carefully reviewed and found to be without merit.

No error.

Judges VAUGHN and MARTIN concur.