STATE OF NORTH CAROLINA v. JAMES McKINNEY JEETER
AND JOHN FRANK CRAIG

No. 7626SC536

(Filed 5 January 1977)

Criminal Law § 70— tape recording — admissibility for corroboration —
non-corroborating portion — admission harmless error

In a prosecution for crime against nature, the trial court did
not err in allowing into evidence a tape recording of statements by
three State's witnesses, since the recording corroborated testimony
by the witnesses at trial; however, the court did err in allowing part
of the recording into evidence which contained statements by a man
identified only as "Rudolph," but such error was harmless since defend-
ants made no objection prior to *voir dire;* defendants at no time re-
quested that the recording be played so that the court and parties could
listen; when the recording was admitted in evidence and played in
open court before the jury, the defendants made no objections or
motion to stop playing the recorded statement of Rudolph; defendants
made no motion to strike that portion of the recording; and defend-
ants did not ascertain the contents of the recording prior to trial
by discovery under G.S. 15A-903(d).

APPEAL by defendants from *Griffin, Judge.* Judgments en-
tered 3 February 1976 in Superior Court, MECKLENBURG County.
Heard in the Court of Appeals 9 November 1976.

Defendants were indicted for the crime against nature.
The State's evidence tended to show that on the evening of
25 October 1975 in the Mecklenburg County Jail the defendants
forced a fellow male prisoner to have sexual relations with
them *per os* and *per anus.* The victimized inmate and two other
inmates who witnessed the incident testified for the State. The
State also introduced as corroborative evidence a tape record-
ing which contained statements about the incident made to
the Sheriff by the victim, the two inmates who testified, and
an inmate named Rudolph, who did not testify. Prior to the
introduction of the tape recording a *voir dire* examination was
held during which Sheriff Stahl properly authenticated the re-
cording. The tape was not played during the *voir dire* examina-
tion. The trial court made no findings of fact. The following
appears in the record on appeal:

"(Whereupon, the Jury returned to the Courtroom and the
following proceedings were had in their presence.)

MR. SAUNDERS: May it please the Court, the State
would at this time offer into evidence State's Exhibit '1', a

---

---

tape recording made by Sheriff Stahl on the evening of the 25th of October, 1975, of a recorded conversation between Gary Alexander and the Sheriff and Dennis Campbell and the Sheriff.

MR. STROUD: At this time I would like to enter my objection for the record, your Honor.

COURT: All right. Members of the Jury, the Court is going to allow the tape recording to be played over the objection of the Attorney for the Defendants, but for this limited purpose, for the purpose of corroborating the testimony of the witnesses and for no other purpose. In other words, this tape recording is not substantive evidence, that is, evidence in and of itself. It is being introduced and you are being allowed to hear it for the purpose of corroborating any witness it does corroborate if you find it does, in fact, corroborate that witness, and for no other purpose. All right. Mr. Sheriff, if you will play the recording.

(Whereupon, tape recording was played in the presence of the jury.)"

The record on appeal contains a "Narrative of State's Exhibit # 1" and apparently is a summary of the recorded statements made by Dennis Campbell, Gary Alexander, and Nathaniel McManus, witnesses testifying for the State. Further, the following appears in the narrative of the exhibit in the record:

"(This man was referred to only as 'Rudolph'). I was in my bed. In the same room. First they grabbed him. He was hollering and trying to get the guard. They heard the guard come down the catwalk and they stopped. After the guard left, they were all on (unintelligible). Somebody threw a sheet over his head. I sleep on the high bunk bed. He was right under me. Everybody started getting on top of him. Neal, Cherry, and 'Preacher' (Jeeter) put their penises up his rectum."

Defendants offered testimony tending to show that the incident had never taken place and that the alleged victim complained to the Sheriff to gain revenge for what he felt was bullying by the other inmates. The jury found defendants guilty as charged.

State v. Jeeter

Defendants appeal from judgments imposing imprisonment.

*Attorney General Edmisten by Associate Attorney David S. Crump for the State.*

*Assistant Public Defender James Fitzgerald for defendant appellants.*

CLARK, Judge.

The sole issue presented upon appeal is whether the trial court committed reversible error in admitting into evidence, over the general objection of the defendant, the entire tape recording made by Sheriff Stahl.

The recorded statements of the three witnesses who testified for the State were offered for the purpose of corroborating their testimony at trial. We find that those prior recorded statements were generally consistent with their trial testimony and that admission was justified in view of the prolonged cross-examination of these witnesses by the defendants relative to the identity of the various participants who forced the victim to participate in homosexual acts *per anus* and *per os*. Under these circumstances, and in light of the instructions to the jury limiting the evidence to corroboration if the jury in fact found that it did corroborate, we find that these tape recorded statements of the State's witnesses were admissible for corroboration. 1 Stansbury, N. C. Evidence § 52 (Brandis Rev. 1973).

The tape recorded statement of the unidentified "Rudolph," who did not testify at trial, was not admissible for the purpose of corroboration. Apparently, the State had no knowledge that this statement was on the tape which was offered in evidence. It appears from the record that the District Attorney offered in evidence only the recorded statements of the witnesses who had testified for the State.

To be admissible for any purpose a tape recording must be audible and must have been properly authenticated. *State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561 (1971); *State v. Strickland,* 276 N.C. 253, 173 S.E. 2d 129 (1970); *Levi v. Justice* and *Searcy v. Justice,* 27 N.C. App. 511, 219 S.E. 2d 518 (1975), petition for discretionary review denied, 289 N.C. 298, 222 S.E. 2d 698 (1976). The trial court after *voir dire* hearing made no findings, but Sheriff Stahl testified that he recorded the conversations on a recording machine which was operating

properly; that no changes or deletions had been made in the recorded tape; and that the tape had been in his custody since made. He also identified the voices. Though it is the better practice for the trial judge to make findings relative to authenticity and audibility, where the State's evidence supports both and defendant offers no conflicting evidence, the admission of the tape recording in evidence without such findings of fact is harmless error. See *State v. Sharratt,* 29 N.C. App. 199, 223 S.E. 2d 906 (1976).

In *State v. Lynch, supra,* the court stated: "Upon an objection to the introduction of a recorded statement, in order to ascertain if it meets the foregoing requirements, the trial judge must necessarily conduct a *voir dire* and listen to the recording in the absence of the jury . . . . This procedure affords counsel the opportunity to object to any portions of the recording which he deems incompetent and permits incompetent matter to be kept from the jury in some appropriate manner." 279 N.C. at 17, 181 S.E. 2d at 571.

In the case before us the record does not disclose that the defendants made an objection prior to *voir dire.* Defendants at no time during *voir dire* requested that the tape recording be played so that the court and parties could listen. Nor does it appear that when the tape recording was admitted in evidence and played in open court before the jury, the defendants made any objection or motion to stop playing the recorded statement of Rudolph. Nor did defendants move to strike that portion of the recording. Nor did defendants ascertain the contents of the tape recording by discovery under G.S. 15A-903 (d), which was enacted subsequent to *Lynch* and which specifically allows the inspection of electronic recordings.

We find that the inadmissibility of this evidence was waived by the defendants' failure to make a timely objection when they had had the opportunity to learn that the evidence was objectionable. *State v. Cook,* 280 N.C. 642, 187 S.E. 2d 104 (1972) ; *State v. Edwards,* 274 N.C. 431, 163 S.E. 2d 767 (1968). If inadmissibility is not indicated by the question but becomes apparent by some feature of the answer, a motion to strike should be made as soon as the inadmissibility becomes known. 1 Stansbury, *supra,* § 27. "Invited error is not ground for a new trial." *State v. Payne,* 280 N.C. 170, 171, 185 S.E. 2d 101, 102 (1971).

Further, in view of the strength of the State's evidence, which included the testimony of the victim and two apparently disinterested eyewitnesses that was corroborated by prior recorded statements, the admission of Rudolph's recorded statement was not prejudicial and did not affect the outcome of the trial. The error, if any, was harmless. See Annot., 58 A.L.R. 2d 1024 § 8 (1958).

No error.

Judges MORRIS and ARNOLD concur.