JEWEL MEDFORD, GUARDIAN AD LITEM FOR SHERRI RENAE HEATHERLY v.
   WENDELL ALAN DAVIS, EDNA HOLLINGSWORTH DAVIS AND HAZEL
   C. HOLLINGSWORTH

No. 8230SC385

(Filed 17 May 1983)

1. **Criminal Law §§ 101.4, 122— additional instructions in jury room—consent by parties**

   The trial judge did not err when he entered the jury room to answer questions and gave the jurors further instructions in the absence of the parties and their attorneys where the trial judge was informed that the jury had some questions after it had deliberated for over an hour, a public meeting was being held in the courtroom at that time, and the parties and counsel agreed to permit the judge, reporter and bailiff to enter the jury room for the questions.

2. **Automobiles and Other Vehicles § 46; Evidence § 42.1— manner of driving car—reasonable speed—shorthand statement of fact**

   A witness's testimony that defendant was driving "normal" and at a "reasonable speed" at the time of an accident was competent as a shorthand statement of fact and did not invade the province of the jury.

3. **Evidence § 42.1— driving "too fast"—exclusion of testimony—harmless error**

   Any error in the exclusion of testimony that defendant "was driving too fast" was cured when the witness subsequently testified without objection that "the car was going fast."

APPEAL by plaintiff from *Thornburg, Judge.* Judgment entered 4 September 1981 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 16 February 1983.

This is a negligence action arising out of an automobile accident which occurred on 15 October 1976. At the time of the accident, Sherri Heatherly, Melody Powell, and Dan Medford were passengers in a vehicle operated by defendant Wendell Alan Davis. The complaint alleged that Davis negligently failed to reduce speed and keep the automobile under proper control, that he operated the vehicle at a dangerous and reckless speed, and that he operated it without due care and caution.

At trial, plaintiff's evidence tended to show that Wendell Alan Davis was traveling on a gravel road, Rural Road #1188, when his vehicle went off the roadway, into a fence two feet to three feet away, and down a steep embankment. At the point of the accident, there was a 10% uphill grade. An investigating of-

ficer estimated the speed of the vehicle at 15 m.p.h. at the time of impact with the fence. There were marks on the road, consisting of little piles of gravel, which apparently were made by tires spinning in a forward motion. Melody Powell testified that the car had been going fast, that it had been slinging gravel, and that she had asked Davis to slow down. Sherri Heatherly was thrown from the vehicle, sustaining numerous injuries which have left her 75% permanently and totally disabled.

Davis testified that the vehicle was traveling 15 m.p.h. when he felt the earth give way and the vehicle go down the bank. Davis's operation of the vehicle was described by Dan Medford as "[n]ormal" and "fine." Medford also testified that the speed of the vehicle was "reasonable."

The jury returned a verdict, finding that Wendell Davis was not negligent. From judgment entered on the verdict, plaintiff appeals.

*Russell L. McLean, III, for plaintiff appellant.*

*Roberts, Cogburn, McClure and Williams, by Max O. Cogburn and Issac N. Northup, Jr.; and Van Winkle, Buck, Wall, Starnes and Davis, by O. E. Starnes, Jr., for defendant appellee.*

WEBB, Judge.

[1] In her first argument, plaintiff contends the trial judge committed reversible error when he entered the jury room and gave the jurors further instructions in the absence of the parties and their attorneys. From the record, it appears that after the jurors had retired and deliberated for over an hour, the judge was informed that they had some questions. There were people in the courtroom who had gathered for a public meeting and the parties and their counsel agreed to allow the judge, reporter, and bailiff to enter the jury room for the questions. Additional instructions were thereafter given by the judge in the jury room. Plaintiff does not contend that these instructions were erroneous or prejudicial. Rather, she urges this Court to adopt a per se rule which would require a new trial whenever a judge communicates with the jury in the jury room in the absence of counsel and the parties, regardless of whether prejudice has been shown.

Our research has disclosed no North Carolina cases on point, and there is no North Carolina rule of civil procedure or practice which directly addresses this issue. On the facts presented here, we do not believe we should hold there was prejudicial error. The trial judge's conduct was expressly consented to by the parties and their counsel before he went into the jury room. The consent of plaintiff and her counsel either caused or joined in causing any error committed by the court, and "[i]nvited error is not ground for a new trial." *State v. Payne,* 280 N.C. 170, 171, 185 S.E. 2d 101, 102 (1971); *see Overton v. Overton,* 260 N.C. 139, 132 S.E. 2d 349 (1963).

[2]   Next, plaintiff argues that defense witness Dan Medford should not have been allowed to testify about the manner in which Davis operated the vehicle. When he was asked "How was Alan [Davis] driving?", Medford responded, "Normal, to me, it was fine." At this point, plaintiff's counsel objected "as to what is normal." The objection was overruled, and Medford testified, "It was a reasonable speed." Plaintiff's motion to strike this testimony was denied.

At the outset, we note that plaintiff's objection may have been untimely since it was not made until after Medford had already answered the question calling for a description of Davis's driving. *Brown v. Neal,* 283 N.C. 604, 197 S.E. 2d 505 (1973). Assuming, *arguendo,* that the objection was taken in apt time, we hold Medford's testimony concerning the operation of the vehicle to be admissible. A witness is permitted to give opinion evidence in the form of a "shorthand statement of the facts" when it is impractical to describe the facts in detail. *State v. Brown,* 26 N.C. App. 314, 215 S.E. 2d 802 (1975); *see* 1 Brandis on N.C. Evidence § 125 (1982). Contrary to plaintiff's contention, Medford's testimony as to how defendant was driving did not invade the province of the jury since it was not an opinion on the ultimate issue to be decided by the jury. The ultimate issue was whether defendant was negligent at the time of the accident. This assignment of error is overruled.

[3]   Plaintiff also assigns error to the exclusion of testimony from Melody Powell that "He [Davis] was driving too fast." Plaintiff contends this testimony was admissible as a shorthand statement of fact concerning the witness's observation that defendant was

traveling at an excessive rate of speed. We believe error, if any, in the exclusion of this evidence was cured when Ms. Powell subsequently testified, without objection, that "the car was going fast." Error in the exclusion of evidence is harmless when other evidence of the same import is admitted. *State v. Edmondson,* 283 N.C. 533, 196 S.E. 2d 505 (1973).

Plaintiff further assigns error to the court's refusal to let the investigating officer testify about what he observed inside Davis's vehicle as well as his observations of Davis. Assuming, without deciding, that the questions asked of the investigating officer were competent, the record does not show what his answers would have been. Therefore, we cannot determine whether plaintiff was prejudiced by their exclusion. *See State v. Shaw,* 293 N.C. 616, 239 S.E. 2d 439 (1977). The appellant has the burden of showing not only that error was committed but also that it was prejudicial. *State v. Robinson,* 280 N.C. 718, 187 S.E. 2d 20 (1972). This assignment of error is overruled.

Finally, plaintiff argues that the court erred in failing to grant her motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. Inasmuch as we have found no error in the trial, we conclude that the court did not abuse its discretion in denying plaintiff's motions.

No error.

Chief Judge VAUGHN and Judge EAGLES concur.