STATE OF NORTH CAROLINA v. OSCAR GARCIA GONZALEZ AND RALPH WOODS, JR.

No. 8219SC1043

(Filed 17 May 1983)

1. **Criminal Law § 92— joinder of defendants for trial proper**

The trial court properly granted the State's motion to consolidate for trial the ·charges against three defendants where the offenses fit within the guidelines set by G.S. 15A-926(b) and where the joint trial did not deprive defendants of a fair trial.

2. **Criminal Law § 76.6— admissibility of defendant's statement—failure of court to make sufficient findings after voir dire**

In a prosecution for armed robbery, the trial court's findings of fact were insufficient to support the admission into evidence of defendant's statement since the trial court failed to resolve evidentiary conflicts by making findings of fact which enabled the Court to say whether the trial judge committed error in admitting the confession.

3. **Criminal Law §§ 77.3, 162— codefendant's statement implicating other defendants—waiver of objection**

Where three defendants were tried in a joint trial for armed robbery and larceny of an automobile, and where the court gave counsel for all defendants "sanitized" versions of each defendant's statement, and where no objection was made to the statement of one defendant which tended to implicate the other two defendants, the inadmissibility of the evidence was waived by the defendants' failure to make timely objection when they had an opportunity to learn that the evidence was objectionable. G.S. 15A-927(c)(1).

4. **Criminal Law § 42.6— admission of gun into evidence—chain of custody sufficient**

The trial court did not abuse its discretion in admitting a pistol into evidence where the evidence showed that the pistol seized from a defendant was given to a deputy who submitted the pistol to the SBI laboratory in a sealed and labeled package; that the pistol was returned to the deputy after having been opened and resealed; that the officer who gave the gun to the deputy testified that the gun "appeared to be" the same gun he seized; that the deputy identified the gun as the one "turned over" to him and where another deputy testified the pistol was the one "recovered by the Sheriff's Department and presented to (its owner) and he identified it as being his gun."

5. **Criminal Law § 77— confession of codefendant—not implicating defendant**

The paraphrasing of a codefendant's statement sufficiently excluded all references to defendant in a manner that would not prejudice defendant, meeting the requirements of G.S. 15A-927(c)(1).

6. **Robbery § 4.3— armed robbery—sufficiency of evidence**

The evidence in an armed robbery case was sufficient where it showed the gunman had crouched behind the counter when he saw a customer pull up

in front of the station; that the operator of the station noticed his gun was missing immediately after two masked men ran away; that two witnesses testified the same gun kept behind the counter was found in defendant's possession several hours later; and where defendant appeared quite nervous, wore a jacket matching the description of one worn by the robber, and initially gave the officer an alias name until he was told warrants were outstanding on a person of that name.

7. **Criminal Law § 138 — sentence in excess of presumptive sentence — aggravating factor supported by evidence**

    In a prosecution for armed robbery, the evidence was sufficient for the trial court to find as the single aggravating factor that "the defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants." G.S. 15A-1340.4(f) and G.S. 14-87(d).

APPEAL by defendants from *Beaty, Judge.* Judgments entered 25 June 1982 in Superior Court, MONTGOMERY County. Heard in the Court of Appeals 17 March 1983.

This is a criminal action in which defendant Gonzalez was charged in proper bills of indictment with armed robbery and larceny of an automobile. Codefendant Woods was charged with armed robbery and carrying a concealed weapon. These cases were consolidated for trial along with the charges against a third defendant, Ervin Calvin Crawford, whom the jury found not guilty.

The State's evidence tended to show the following: On 22 November 1981, about 9:00 p.m., a man wearing a toboggan pulled down over his face, carrying a pistol, entered a service station in Candor and demanded money from Steven Dunn, the store employee on duty. Dunn gave the gunman the cash register drawer, which contained approximately $1,030.00. Dunn later discovered his own pistol missing from behind the counter. As the gunman ran out of the store, he was met at the door by a second man, also wearing a toboggan over his face. This second man wore a light blue leisure jacket. The two men fled together.

Shortly afterwards, a green Buick station wagon with a rack on top was seen leaving from a street adjacent to the station. About 45 minutes after the robbery, a Biscoe police officer saw the Buick and attempted to follow it. The Buick went behind a private residence on a dead end street. As the officer approached the Buick, he found it unoccupied and with the motor running. In-

side the car was the cash register drawer taken from the service station robbery and a certificate of title and sales receipt showing the car was owned by defendant Gonzalez.

About 3:30 a.m. on 23 November 1981, defendant Gonzalez was stopped in Biscoe while driving a stolen automobile. A roll of bills totaling $1,039.00 was found in Gonzalez's pocket when he was arrested.

Defendant Woods was arrested the same morning in Star after a local citizen reported to police having dropped off a nervous man at a convenience store. Star Police Chief W. L. Batten found the man to be Woods, who was wearing a light blue leisure jacket, and who was concealing in his possession the victim Dunn's pistol.

After *voir dire* testimony, the court ruled admissible a statement made by defendant Gonzalez in which he admitted to investigating officers his involvement in the robbery of the Candor service station. In the statement, Gonzalez said he drove his car, a green Buick station wagon, to the service station and entered the store. On leaving the scene, he took all the money from the store's cash drawer and abandoned the car after discovering he was being pursued by police. Gonzalez hid in the woods until police left. He was arrested later driving a car he had stolen.

The court also admitted a statement made by the third defendant, Ervin Calvin Crawford, in which Crawford said, "I told him [Officer Ramseur] I was with some guys, but that I didn't rob anyone, they did."

Both defendants Gonzalez and Woods were found guilty as charged. Defendant Gonzalez was sentenced to serve 20 years in prison on the armed robbery charge and to a consecutive sentence of 18 months on the larceny conviction. Defendant Woods received a 20-year sentence on the armed robbery conviction and a consecutive six-month sentence for carrying a concealed weapon. From these judgments, defendants appealed.

Defendant Crawford was acquitted.

*Attorney General Rufus L. Edmisten, by Associate Attorney William H. Borden, for the State.*

*Russell J. Hollers for defendant appellant Oscar Garcia Gonzalez.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Malcolm R. Hunter, Jr., for defendant appellant Ralph Woods, Jr.*

BRASWELL, Judge.

I. Defendant Gonzalez's Appeal.

[1] Defendant Gonzalez first contends that the trial court erred in allowing the State's motion to consolidate for trial the charges against the three defendants and in denying Gonzalez's motion to sever. He argues separate trials for each defendant were necessary because the statement made by codefendant Crawford implicated the others.

G.S. 15A-926(b) provides for joinder of defendants for trial when the several offenses were part of a common scheme or plan, or part of the same act or transaction, or were so closely connected in time, place and occasion that it would be difficult to separate proof of one charge from proof of the others. Whether defendants jointly indicted should be tried jointly or separately is in the trial court's discretion. *State v. Lake,* 305 N.C. 143, 286 S.E. 2d 541 (1982); *State v. Nelson,* 298 N.C. 573, 260 S.E. 2d 629 (1979), *cert. denied,* 446 U.S. 929, 100 S.Ct. 1867, 64 L.Ed. 2d 282 (1980); *State v. Jones,* 280 N.C. 322, 185 S.E. 2d 858 (1972). The exercise of the court's discretion will not be disturbed upon appeal, absent a showing that the joint trial deprived the movant of a fair trial. *State v. Slade,* 291 N.C. 275, 229 S.E. 2d 921 (1976); *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492 (1968).

While Crawford's statement that "I didn't rob anyone, they did" might implicate defendant Gonzalez by inference at the joint trial, Gonzalez was not prejudiced. We find no abuse of discretion in the trial judge's decision to consolidate the trials or to deny the motion to sever, and this assignment of error is overruled.

[2] The second assignment of error questions the sufficiency of the trial court's findings of fact to support the admission into evi-

dence of Gonzalez's statement of 2 December 1981. Gonzalez maintains the court failed to make proper findings, after a *voir dire* hearing, about his refusal to talk with officers until he was represented by an attorney. He also objects to the absence of a finding that when he signed a form waiving his *Miranda* rights on 2 December 1981, he believed he was to be questioned only about an unrelated incident in High Point and that he had waived none of his rights concerning the Candor charges.

According to *voir dire* testimony of defendant Gonzalez, Deputy A. D. Green, and Deputy W. A. Walser, Jr., Gonzalez told the deputies several times between the time of his arrest on 23 November 1981 and the day he made the statement on 2 December 1981 that he wished to be represented by counsel and would not talk with them unless an attorney was present. Gonzalez testified he agreed on 2 December to talk with High Point Police Officer Joe Sink about charges related to an incident in High Point. Gonzalez stated that when he signed a *Miranda* rights waiver form, he believed the form pertained only to the High Point incident; the police said Gonzalez did not indicate he wished to limit the questioning to the High Point incident. Gonzalez testified that Deputy Walser informed him on 2 December 1981 that his codefendants had given statements implicating him in the Candor robbery, so Gonzalez made up a "story" to tell the officer. He said he refused to sign the statement after the officer reduced it to writing because the statement was false. Deputy Walser also indicated "there were plenty of things" that would help him if he would make a statement, according to Gonzalez's testimony, although Walser denied making any promises of leniency in exchange for the confession.

Although at the conclusion of the *voir dire* the trial judge did make many appropriate findings of fact, he did not go far enough. Both sides had offered evidence. The findings of fact in the present case do not resolve many of the conflicts in the *voir dire* evidence concerning the events occurring during the time defendant Gonzalez was in custody, prior to his statement made on 2 December 1981. No findings were made about Gonzalez's telling law enforcement officers on previous occasions when they attempted to question him that he did not wish to talk to them until he was represented by counsel. There were no findings made resolving Gonzalez's testimony that he agreed to talk with Officer

Sink only about the High Point charges and that he did not realize he was also agreeing to discuss the Candor robbery when he signed the waiver of rights form. The findings also fail to resolve the problem raised by Gonzalez's testimony that the officers told him he had been implicated by his codefendants. Without resolution of such matters, an appellate court is unable to determine if error occurred when the confession was admitted into evidence as being voluntary.

The proscribed function of the trial court on *voir dire* is to resolve evidentiary conflicts by findings of fact in such manner that this Court is able to say whether the trial judge committed error in admitting the confession. *State v. Conyers*, 267 N.C. 618, 148 S.E. 2d 569 (1966); *State v. Barnes*, 264 N.C. 517, 142 S.E. 2d 344 (1965). Our Supreme Court, in a decision filed after the date of the trial in the present case, held that a court's failure to find facts resolving the conflicting *voir dire* testimony is prejudicial error "requiring remand to the superior court for proper findings and a determination upon such findings of whether the inculpatory statement made to police officers by defendant during his custodial interrogation was voluntarily and understandingly made." *State v. Booker*, 306 N.C. 302, 312-13, 293 S.E. 2d 78, 84 (1982).

Thus, under the *Booker* rule, we hold this cause must be remanded to the Superior Court of Montgomery County for a hearing to determine whether defendant Gonzalez's statement was made voluntarily and understandingly. If the presiding judge finds the statement was not voluntary, he shall enter an order vacating the judgment appealed from, setting aside the verdict, and granting a new trial. However, if the judge finds the statement was voluntarily and understandingly made, he will make supporting findings and conclusions and order commitment to issue on the original judgment.

Defendant Gonzalez's third assignment of error is whether the trial court erred in concluding that Gonzalez's statement was admissible. This issue will be moot if, on remand, the presiding judge finds Gonzalez's confession was not made voluntarily and understandingly and thus orders a new trial barring that confession from evidence. However, should the presiding judge at the *voir dire* hearing on remand find the confession was voluntary, then we find that the court properly admitted the statement.

[3] Defendant Gonzalez's fourth and fifth assignments of error relate to the trial court's admission of codefendant Crawford's statement. Gonzalez contends the court should have instructed the jury that the statement was admissible against Crawford only and was not probative of Gonzalez's guilt. Gonzalez further argues that the court erred in denying his motion to strike the portion of Crawford's statement in which he said, "I told him I was with some guys, but that I didn't rob anyone, they did." Only two persons were seen in the service station during the robbery, and two persons, Gonzalez and Woods, were on trial with Crawford at the time his statement came before the jury. Thus, the confession, by inference, implicated both Gonzalez and Woods.

Prior to 1968, the rule in this State was that the admission of the confession of one codefendant, even though it implicated another against whom it was inadmissible, was not error provided the trial judge instructed the jury to consider the confession as evidence only against the confessor and not against other codefendants. *State v. Lynch*, 266 N.C. 584, 146 S.E. 2d 677 (1966). However, in *Bruton v. United States*, 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968), the Supreme Court of the United States held that in a joint trial the admission of a non-testifying defendant's extrajudicial confession which implicates his codefendants violates the codefendants' Sixth Amendment right of cross-examination, a violation which is not cured by the court's instructions to the jury that the confession is admissible only against the declarant. As a result of *Bruton*, the North Carolina Supreme Court held that in joint trials extrajudicial confessions must be excluded unless all portions which implicate defendants other than the declarant can be deleted without prejudice either to the State or the declarant. *State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492 (1968). This requirement was then codified in the General Statutes at G.S. 15A-927(c)(1), which provides:

"(1) When a defendant objects to joinder of charges against two or more defendants for trial because an out-of-court statement of a codefendant makes reference to him but is not admissible against him, the court must require the prosecutor to select one of the following courses:

   a. A joint trial at which the statement is not admitted into evidence; or

    b. A joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been effectively deleted so that the statement will not prejudice him; or

    c. A separate trial of the objecting defendant."

The record in the present case shows that unaltered copies of the statements of Gonzalez and Crawford were given to each defendants' counsel before any testimony was presented about the statements. Both Gonzalez and Crawford then moved to suppress Crawford's statement. The trial court ruled that "sanitized" versions of both Crawford's and Gonzalez's statements—a paraphrasing of the statements omitting references to the other defendants—would be admitted into evidence. This was the court's effort to comply with G.S. 15A-927(c)(1)(b), as reflected in its comment made before the "sanitized" statements were prepared by the State: "Since all three defendants will be on trial at this procedure I will allow the use of the statements to the extent that they detail the involvement of that individual, as to that individual and not as to the other two."

After Deputy Green had testified before the jury about Crawford's statement to him, both Gonzalez and Woods moved to strike. The following colloquy occurred:

    "[DEFENDANT WOODS' ATTORNEY]: I move to strike that portion of the statement as follows; I was with some guys but I didn't rob anyone, they did. I think that ties and puts all meaning back into the statement as was originally there. And I'm sorry I overlooked this when I read the statement, but apparently—I don't think it's being sanitized enough, to use the D.A.'s termonology [sic].

    THE COURT: All right. Motion denied. Let the record show that the Court prior to statements being presented in open court instructed the District Attorney to make all statements available to counsel for the defendants, that the Clerk made copies of the statements and a copy of each statement from Gonzalez and Crawford were presented to the defendants and their counsel, that no objections were made to the statements in the form presented at that time. Let the record further show that at the time the officer read the

statement no objections were made to anything that was stated at that time. The objection came after the statement had been completed. Motion denied.

MR. HOLLERS: Your Honor, I will make the same motion on behalf of Gonzalez.

THE COURT: On the same grounds, the motion is denied as to Gonzalez. Bring the jury back in."

The court's remarks indicate that the "sanitized" versions of the statements had been given to counsel before being presented to the jury, yet no objections were made before the statement was read to the jury. Defendants Gonzalez and Woods may be correct that they, as the only two people on trial with Crawford, might have been implicated by Crawford's statement that he was with "some guys" who robbed the station. However, their attorneys had access to the version of the statement prepared for presentation to the jury and still failed to make timely objection. Thus, we hold that they waived their opportunity to object and in essence invited the error. The inadmissibility of evidence is waived by a defendant's failure to make timely objection when he had an opportunity to learn that the evidence was objectionable. *State v. Cook,* 280 N.C. 642, 187 S.E. 2d 104 (1972); *State v. Jeeter,* 32 N.C. App. 131, 230 S.E. 2d 783, *disc. rev. denied,* 292 N.C. 268, 233 S.E. 2d 394 (1977). "Invited error is not ground for a new trial." *State v. Payne,* 280 N.C. 170, 171, 185 S.E. 2d 101, 102 (1971).

Defendant Gonzalez also complains that no instruction was given limiting the jury to consideration of Crawford's statement only against Crawford. In light of our holding that admission of Crawford's statement was invited error, we find that limiting instructions were neither requested nor required and that no error occurred.

[4] Defendant Gonzalez finally assigns error to the court's admission of State's Exhibit #1, the pistol seized by police from defendant Woods when he was arrested in Star several hours after the robbery. Gonzalez maintains that an insufficient chain of custody was shown by the State to render the pistol admissible and to allow testimony that the pistol seized from Woods was the same one taken from the service station during the robbery.

In *State v. Bishop*, 293 N.C. 84, 235 S.E. 2d 214 (1977), a pistol was admitted into evidence based on testimony from the owner that the gun was his " 'as far as [he] could tell' " and testimony from a codefendant that " 'this is the weapon or an identical weapon that came out of the Tucker home the night of the burglary and armed robbery.' " *Id.* at 88, 235 S.E. 2d at 217. The court held these identifications were adequate for admission of the evidence "even without the abundance of other more definite testimony found in this record to establish the identity of the gun." *Id.* The Supreme Court has also said of the authentication of real evidence: " 'There are no simple standards for determining whether an object sought to be offered in evidence has been sufficiently identified as being the same object involved in the incident giving rise to the trial and shown to have been unchanged in any material respect. . . . Consequently, the trial judge possesses and must exercise a sound discretion in determining the standard of certainty required to show that the object offered is the same as the object involved . . . and that the object is in an unchanged condition. [Citations omitted.]' " *State v. Abernathy,* 295 N.C. 147, 161, 244 S.E. 2d 373, 382 (1978), quoting *State v. Harbison,* 293 N.C. 474, 483-84, 238 S.E. 2d 449, 454 (1977).

The evidence in this case showed that the pistol seized from defendant Woods by Chief Batten was given to Deputy Green, who submitted the pistol to the S.B.I. laboratory in a sealed and labeled package. The package was returned to Deputy Green after having been opened and resealed. Chief Batten testified that the gun "appeared to be" the same gun he seized from Woods. Deputy Green identified the gun as the one "turned over" to him by Chief Batten. Deputy Walser testified the pistol was the one "recovered by the Sheriff's Department and presented to Mr. Steve Dunn and he identified it as being his gun." Dunn viewed the pistol at trial and positively identified it as his revolver.

Based on these identifications, we hold the trial court did not abuse its discretion in admitting the pistol into evidence.

The portion of this assignment of error dealing with admission of Exhibits #6 and #7, the shell casings and bullet allowed into evidence, is deemed abandoned under Rule 28(a), N.C. Rules App. Proc. because no supporting discussion appears in Gonzalez's brief.

II. Defendant Woods' Appeal.

Defendant Woods presents four questions for review, although some of them combine arguments identical to those presented by the appeal of defendant Gonzalez. Woods, like Gonzalez, contends the court erred in denying his motion to sever the trials of the three codefendants, in admitting the confession of Crawford, in failing to give limiting instructions to the jury concerning the statements of Crawford and Gonzalez, and in admitting the pistol stolen from Dunn at the service station. For the reasons given under the corresponding discussion of defendant Gonzalez's questions, we find no merit in any of these assignments of error.

[5] Woods also contends that his trial was prejudiced by the admission of Gonzalez's confession, which also served in the consolidated trial as substantive evidence against Woods. Woods maintains that the "sanitized" version of Gonzalez's statement implicated him and prevented him from receiving a fair trial.

According to the record, the "sanitized" account of Gonzalez's statement, testified to by Deputy Walser, follows:

"On November the 22nd, 1981, on a Sunday night, myself, Oscar Garcia Gonzalez, drove to a service station convenient store near Candor. I was riding in my vehicle, a green Buick stationwagon with mag wheels. I drove up to the store. I was parked near the back door. A customer came into the lot so I went into the store. I drove onto the road and then turned right. I stopped after traveling one mile or one and one-half miles and got into the back seat and took all the money from the cash drawer. After traveling about five minutes the police got behind me. I turned down a road which was a dead end. The car was stopped and I was getting ready to run when I heard a shot. I thought it was the police shooting so I ran. I ran into the woods and hid. I stayed there until the law left. I found a car with the keys in it which was a grey Ford LTD or Thunderbird."

We find that this statement in no way implicated defendant Woods, because the statement did not include mention of defendant Woods or of any companion. This paraphrasing of Gonzalez's statement sufficiently excluded all references to Woods in a man-

ner that would not prejudice Woods, meeting the requirements of G.S. 15A-927(c)(1). Because of our previously discussed holding regarding the admission of Gonzalez's statement against himself, the question of the admissibility of the statement is to be resolved on remand. If the presiding judge at the *voir dire* hearing on remand holds that Gonzalez's statement was not voluntarily given, then Gonzalez will be awarded a new trial, at which his confession will be excluded. However, in that event, Woods will not be entitled to a new trial because Gonzalez's confession did not implicate Woods.

[6] The remaining two questions presented by Woods are numbered 3 and 4. In question 3, defendant Woods contends the court erred in denying his motions to dismiss the charges against him on grounds that the State's evidence was insufficient to support the conviction of armed robbery. Woods argues the only evidence of his involvement in the robbery was circumstantial, with inferences built upon inferences to prove his guilt. There was no direct evidence which showed that Dunn's pistol was stolen at the same time the service station was robbed, for Dunn knew only that he had placed his gun under the counter when he began his shift at 3:00 p.m. and found it missing after the 9:00 p.m. robbery. None of the eyewitnesses could identify Woods as having been inside the station. When he was picked up in a nearby town in the early hours the following morning, a pistol was found on him that was later identified by Dunn as his gun which he had kept behing the store counter.

The well-established legal principles governing a motion for dismissal require that the evidence be considered in the light most favorable to the State, with contradictions resolved in the State's favor. *State v. McCoy,* 303 N.C. 1, 277 S.E. 2d 515 (1981); *State v. Everhart,* 291 N.C. 700, 231 S.E. 2d 604 (1977).

Under the doctrine of possession of recently stolen property, a jury may consider subsequent possession of goods, whenever goods have been taken as a part of a criminal act, as a relevant circumstance giving rise to a presumption that the defendant committed the entire crime when each of three factors are proven beyond a reasonable doubt: the property must have been (1) stolen, (2) in custody of the accused and subject to his control to the exclusion of others, and (3) in the possession of the accused

recently after the larceny. *State v. Maines*, 301 N.C. 669, 273 S.E. 2d 289 (1981).

The evidence in the present case was sufficient to prove the property had been stolen, since the gunman had crouched down behind the counter when he saw a customer pull up in front of the station, and because Dunn testified he noticed the gun missing immediately after the two masked men ran away. Testimony from both Dunn and Chief Batten showed that the same gun kept behind the counter by Dunn was found in defendant Woods' possession when he was arrested by Chief Batten several hours later. Further, Woods appeared quite nervous, wore a jacket matching the description of one worn by the robber, and initially gave the officer an alias name until he was told warrants were outstanding on a person of that name. We find this evidence to be sufficient to support the armed robbery charge against Woods and find this assignment of error to be without merit.

[7] Defendant Woods' final argument is that the court erred in sentencing him to a term of 20 years on the armed robbery conviction, a sentence in excess of the presumptive sentence under the Fair Sentencing Act. Woods contends that the single aggravating factor found by the trial court—"the defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants"—was not supported by the evidence.

Under G.S. 15A-1340.4(f) of the Fair Sentencing Act, and the armed robbery statute, G.S. 14-87(d), the presumptive term for armed robbery is 14 years. *State v. Leeper*, 59 N.C. App. 199, 296 S.E. 2d 7, *disc. rev. denied*, 307 N.C. 272, 299 S.E. 2d 218 (1982); *State v. Morris*, 59 N.C. App. 157, 296 S.E. 2d 309 (1982), *disc. rev. denied*, 307 N.C. 471, 299 S.E. 2d 227 (1983). A sentence in excess of the presumptive must be based upon a finding of one or more aggravating factors which are supported by a preponderance of the evidence. G.S. 15A-1340.4.

Defendant Woods maintains that even though the court found as a mitigating factor for defendant Gonzalez that he was a "passive participant or played a minor role in the commission of the offense," it does not necessarily follow that Woods was a leader or in a position of dominance in carrying out the crime. The evidence showed that two masked robbers were involved,

one carrying a gun and getting the money, the other serving as lookout. Defendant Woods argues that he should be considered less culpable than the other robber because he was found wearing a blue jacket, the color jacket worn by the lookout, and because the robbers drove away in Gonzalez's car and Gonzalez took all of the stolen money when it was "divided." The State argues, however, that Gonzalez's statement reveals he was the lookout, thus Woods must have been the gunman. The State also submits that the court's understanding of the evidence and its exercise of discretion in determining aggravating factors should not be second-guessed.

We agree and find no error. The court's judgment in sentencing will not be disturbed absent a showing of an abuse of discretion, prejudicial procedural conduct, inherent unfairness and injustice, or conduct which offends the public sense of fair play. *State v. Jackson*, 302 N.C. 101, 273 S.E. 2d 666 (1981); *State v. Pope*, 257 N.C. 326, 126 S.E. 2d 126 (1962).

We note that although both defendants appealed from each of their respective convictions, neither of them presented any reason or argument in their briefs on any questions other than those relating to the armed robbery convictions. Thus, under Rule 28(b)(5), N.C. Rules App. Proc., exceptions taken to defendant Gonzalez's conviction for larceny of an automobile and to defendant Woods' conviction for carrying a concealed weapon are deemed abandoned.

The results are: We find no error as to the defendant Woods.

We find no error in the trial of the defendant Gonzalez except on the issue of whether Gonzalez's custodial statement was voluntary. This cause is remanded to the Superior Court of Montgomery County where a judge presiding over a criminal session will conduct a hearing, after due notice and with his counsel present, to determine whether the statement allegedly made by Gonzalez to the officers on 2 December 1981 was made voluntarily and understandingly. If the presiding judge determines that the statement was not understandingly and voluntarily made, he will make his findings of fact and conclusions and enter an order vacating the judgment appealed from, setting aside the verdict and granting Gonzalez a new trial. If the presiding judge makes a determination based upon competent evidence that the statement

of Gonzalez was made voluntarily and understandingly, he will
make his findings of fact and conclusions of law and thereupon
order commitment to issue in accordance with the judgment ap-
pealed from and entered on 25 June 1982.

Remanded with instructions as to the defendant Gonzalez.

Judges HEDRICK and WHICHARD concur.