An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-151

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

STATE OF NORTH CAROLINA

v.

WESLEY DAVID CARDEN

Alamance County
Nos. 12 CRS 9106, 50142-44

Appeal by defendant from judgment entered 13 May 2013 by Judge James E. Hardin, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 25 August 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Douglas W. Corkhill, for the State.*

> *Wait Law, P.L.L.C., by John L. Wait, for defendant-appellant.*

CALABRIA, Judge.

Wesley David Carden ("defendant") appeals from a judgment, entered upon jury verdicts finding him guilty of assault inflicting serious injury on a law enforcement officer and resisting a public officer, that includes his plea of guilty to attaining the status of an habitual felon. We find no error.

On 7 January 2012, Officers Brad Mills ("Officer Mills") and C.M. Leight ("Officer Leight") of the Burlington Police Department responded to a report of an assault in progress at defendant's apartment. When they arrived, they could hear screaming from within the apartment. They knocked on the door and loudly identified themselves as law enforcement officers. When the officers received no response, Officer Leight opened the apartment door and entered the apartment with her firearm drawn.

Officer Leight encountered defendant and ordered him to get on the ground. Defendant failed to comply and attempted to leave. Officer Mills then attempted to restrain defendant, and defendant responded by punching Officer Mills twice in the eye. Officer Leight deployed her taser, and with the assistance of additional officers who had arrived on the scene, was able to subdue defendant.

Defendant was subsequently indicted for, *inter alia*, two counts of assault inflicting physical injury on a police officer, two counts of assault on a female, one count of resisting a public officer, and attaining the status of an habitual felon. Beginning 6 May 2013, defendant was tried by a jury in Alamance County Superior Court. At the close of the

State's evidence, the trial court dismissed the two counts of assault on a female.

On 9 May 2013, the trial court instructed the jury on the applicable law. At the end of the trial court's instructions, the twelve jurors were sent to the jury room, and the alternate juror remained in the courtroom. The trial court advised the alternate that typically she would be released, but because there would potentially be a second phase of the trial, she would be retained. On 13 May 2013, prior to resuming deliberations, all the jurors, including the alternate, reconvened in the jury lounge. In the presence of the other jurors, the alternate told a bailiff that she was informed that she had to return because there may be a second phase of defendant's trial.

The trial court was informed of the alternate juror's comment and brought her back into the courtroom to conduct a brief inquiry. The alternate admitted that she had mentioned a possible second phase of the trial to a bailiff in front of the rest of the jury. The trial court then asked for defense counsel's position, and counsel requested that the court examine the bailiff. The bailiff informed the trial court that one of the jurors had asked about a second phase to the trial and that

he had told this juror to disregard the alternate's statement. The bailiff thought that some of the jurors seemed puzzled, but he did not believe it was "an, oh, my gosh moment for them."

After the bailiff completed his statement, the trial court asked defense counsel for his position. Counsel felt that the best course of action was to allow the jury to resume deliberations. The trial court then specifically asked defense counsel if he wished to make a motion for a mistrial, and counsel replied that he did not believe that the alternate juror's statement was sufficiently serious to rise to the level of a mistrial. Accordingly, the trial court made no further inquiry or instruction to the jury regarding the alternate juror's statement.

Later that same day, the jury returned verdicts finding defendant guilty of one count of assault inflicting physical injury on a law enforcement officer and resisting an officer and not guilty of the remaining count of assault inflicting physical injury on a law enforcement officer. Thereafter, defendant pled guilty to attaining the status of an habitual felon. The trial court sentenced defendant to a minimum of thirty-five months to a maximum of fifty-four months in the North Carolina Division of Adult Correction. Defendant appeals.

Defendant's sole argument on appeal is that the trial court erred by failing to make its own inquiry of the jury to determine whether the alternate juror's statement regarding a potential second phase of defendant's trial affected the jury's ability to fairly deliberate. We disagree.

> The law is well-settled in North Carolina regarding the discretion afforded to trial courts on questions of juror misconduct. When juror misconduct is alleged, the trial court must investigate the matter and make appropriate inquiry. Since no one is in a better position than the trial judge, who contemporaneously observes and participates in the trial, to investigate allegations of misconduct, the trial court's broad discretion is appropriate and will not be reversed on appeal unless it is clearly an abuse of discretion. A trial court is held to have abused its discretion only when its ruling was so arbitrary that it could not have been the result of a reasoned decision.

*State v. Hill*, 179 N.C. App. 1, 24, 632 S.E.2d 777, 791 (2006) (citations and quotation marks omitted).

In the instant case, after being informed of the alternate juror's statement regarding a second phase of defendant's trial, the trial court conducted a brief inquiry of the alternate juror on the record. Then, at defendant's request, the trial court also briefly questioned the bailiff with whom the alternate juror had spoken. After the bailiff gave his statement, the

following exchange occurred between the trial court and defense counsel:

> THE COURT: So what is the position of the defendant at this point?
>
> [DEFENSE COUNSEL]: Your Honor, just call them as if they were just getting ready to deliberate and treat it like it was nothing. I think that would probably be the best cure all.
>
> THE COURT: So do I understand the defendant is not making a motion for a mistrial at this time?
>
> [DEFENSE COUNSEL]: We are not.
>
> THE COURT: And you believe that the comments of the alternate juror in the presence of the other jurors was of no effect?
>
> [DEFENSE COUNSEL]: I wouldn't say it would be no effect but I do not think it's such effect that would rise to the level of a mistrial. Mistrial is a very high burden or very high standard and I don't think we are there.
>
> I do believe the Court treating it as a non-event to the remaining jurors -- provided she was just segregated again --
>
> THE COURT: And that's correct, Mr. Bailiff?
>
> BAILIFF []: Yes, sir.
>
> [DEFENSE COUNSEL]: I think that will be fine.

Thus, defense counsel specifically requested that the trial court take no further action regarding the alternate juror's statement.

Pursuant to N.C. Gen. Stat. § 15A-1443, "[a] defendant is not prejudiced by . . . error resulting from his own conduct." N.C. Gen. Stat. § 15A-1443(c) (2013). As our Supreme Court has explained,

> [o]rdinarily one who causes (or we think joins in causing) the court to commit error is not in a position to repudiate his action and assign it as ground for a new trial. The foregoing is not intended as any intimation the court committed error in this instance; but to point out the legal bar to the defendant's right to raise the question. Invited error is not ground for a new trial.

*State v. Payne*, 280 N.C. 170, 171, 185 S.E.2d 101, 102 (1971). In the instant case, defendant's counsel specifically requested that the trial court allow the jury to continue its deliberations without any instruction from the court. Furthermore, defense counsel conceded that the alternate juror's statements were not grounds for a mistrial. As a result, defendant cannot now argue on appeal that the trial court's inquiry was insufficient or that a mistrial should have been granted. This argument is overruled.

Defendant received a fair trial, free from error.

No error.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).