# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4131

_____

United States of America,            *
                                      *
                    Appellee,         *
                                      *
        v.                            *
                                      *
Gregory Collins,                      *
                                      *
                    Appellant.        *
                                      Appeals from the United States
                                      District Court for the
                                      Southern District of Iowa.

_____

No. 03-1239

_____

United States of America,            *
                                      *
                    Appellant,        *
                                      *
        v.                            *
                                      *
Gregory Collins,                      *
                                      *
                    Appellee.         *

_____

Submitted:    October 23, 2003

Filed:    November 21, 2003
_____

Before RILEY, HEANEY, and SMITH,  Circuit Judges.
_____

HEANEY, Circuit Judge.

Gregory Collins challenges his conviction for disposing firearms to a person he knew or had reasonable cause to know was an unlawful user of or addicted to a controlled substance, in violation of 18 U.S.C. § 922(d)(3).  Collins argues that the district court constructively amended the indictment by incorrectly instructing the jury on the law.  We agree, and reverse the conviction.[1]

## I.  Facts

Collins was a police officer with the Davenport Police Department for twenty-two years.  In 1998, Collins, then a supervisor in the Vice and Narcotics Unit, was present during a search of the home of Jay Chepanonis.  The search revealed drugs, drug paraphernalia, firearms, ammunition, and $13,000 in cash.  The police seized these items.  Following the search, William J. Hurt, another officer with the department, interviewed Chepanonis. During the interview, Chepanonis admitted to recently using drugs, as well as dealing drugs from his residence.  Chepanonis

_____

[1]Because we find the constructive amendment issue dispositive, we reverse the conviction without evaluating the other arguments made on appeal. See United States v. ITT Blackburn Co., 824 F.2d 628, 630 (8th Cir. 1987) (refusing to evaluate additional issues on appeal because a reversal on the basis of an invalid indictment was dispositive).

decided to cooperate with the police, and the Drug Enforcement Agency supervised his cooperation for approximately two months. Shortly after his cooperation ceased, Chepanonis demanded the return of the firearms and cash the officers had seized earlier. Hurt negotiated an agreement between Chepanonis and Collins, in which Collins agreed to return to Chepanonis the firearms, ammunition, and $6,500 in cash. The Davenport Police Department retained the remaining $6,500 in cash.

The government indicted Collins for stealing $3,978 of the $6,500 seized from Chepanonis, and for knowingly returning firearms to Chepanonis, an unlawful user of a controlled substance. The jury found Collins not guilty of the theft charge, but guilty of returning firearms to Chepanonis, a person whom Collins had reasonable cause to believe was an unlawful drug user. On appeal, Collins makes three arguments: (1) that the district court constructively amended the indictment by adding an element to the firearms law in its jury instructions and by incorrectly defining an unlawful user; (2) that the firearms law is unconstitutionally vague as applied to the defendant; (3) and that the district court erred in sentencing. The government cross-appeals, arguing the district court abused its discretion in granting the defendant a downward departure for aberrant behavior.

## II. Analysis

A jury instruction can function as a constructive amendment to an indictment "if it modifies the essential elements of the offense charged in the indictment." United States v. Griffin, 215 F.3d 866, 869 (8th Cir. 2000). When an indictment is modified in this manner, the defendant's Fifth Amendment right to be charged by a grand jury has been violated, resulting in reversible error. United States v. Harris, 344 F.3d 803, 804 (8th Cir. 2003) (per curiam); United States v. Emery, 186 F.3d 921, 927 (8th Cir. 1999) (stating "[a] constructive amendment . . . is reversible error *per se*").

Collins maintains that the district court constructively amended the firearms charge by instructing the jury that § 922(d)(3) contained a prospective element. Section 922(d)(3) states, "It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . is an unlawful user of or addicted to any controlled substance."  18 U.S.C. § 922(d)(3).  In Jury Instruction 11, the district court directed the jury on the elements of the firearm offense in the following manner:

> The Government is not required to prove that the unlawful user was using a controlled substance at the moment the defendant returned the firearms to him;[2] but the Government is required to prove that at the time the firearms were returned the Defendant knew or had reasonable

---

[2] The district court borrowed this language from case law concerning § 922(g)(3), which makes it a crime for a drug user to be in possession of a firearm. For purposes of § 922(g)(3), the drug user is not required to be using drugs at the exact moment he obtained the firearms: "The plain language requires that the government only prove [the defendant] was an 'unlawful user' or addicted to a controlled substance during the time he possessed the firearms."  United States v. McIntosh, 23 F.3d 1454, 1458 (8th Cir. 1994).  Accordingly, the relevant section of the model instruction for § 922(g)(3) states,

> The term "unlawful user of a controlled substance" means a person who uses a controlled substance in a manner other than as prescribed by a licensed physician.  The defendant must have been actively engaged in use of a controlled substance during the period of time he possessed the firearm, but the law does not require that he used the controlled substance at the precise time he possessed the firearm.  An inference that the person is a user of a controlled substance may be drawn from evidence of a pattern of use or possession of a controlled substance that reasonably covers the time the firearm was possessed.

Model Crim. Jury Instr. 8th Cir. 6.18.922(g)(3).  We are not deciding here whether this definition of an "unlawful user" is appropriate in the context of § 922(d)(3).

-4-

cause to believe there was a risk that Mr. Chepanonis would unlawfully use a controlled substance while in possession of the firearms.

(Appellant's Addendum at 13-14.) Collins argues that the district court's use of the phrase "reasonable cause to believe there was a *risk* that Mr. Chepanonis *would* unlawfully use a controlled substance" alters the charge from the indictment; the inquiry shifts from whether the defendant knew or had reasonable cause to know Chepanonis was an unlawful user at the time the defendant returned the firearms to him, to whether the defendant had reasonable cause to believe there was a risk Chepanonis would become an unlawful user at some time after the defendant returned the firearms.

The government maintains that while the defendant did object to the district court's jury instruction, he did not object on the grounds that he puts forth here – that the instruction violated the defendant's Fifth Amendment rights.[3] Therefore, the

---

[3] Counsel for Collins objected to Jury Instruction 11 by stating the following:

> Your Honor, once again, I am renewing my objection to the definition of the unlawful user of a controlled substance as I have previously asked. I believe the definition that I had presented closely tracks the Ninth, Fourth and Fifth Circuits and that an unlawful user should be defined as receiving a firearm contemporaneously with the unlawful use of a controlled substance.

> Knowing that the court is not going that far, under instruction No. 11, we have the last paragraph – second to the last paragraph, about halfway through where it says, "The defendant knew or had reasonable cause to believe there was a risk that Mr. Chepanonis would unlawfully use a controlled substance while in possession of a firearm."

> I don't like the unmodified use of the work "risk" there because walking across the street tonight to go home is a risk. It's not a substantial risk – or if you're walking across the street, you may be hit

government maintains the objection was not preserved for appeal, and we should review the district court's instruction for plain error. In support of this argument, the government relies on United States v. Stuckey, 220 F.3d 976 (8th Cir. 2000), in which this court refused to consider whether a jury instruction constructively amended the indictment.

In Stuckey, defense counsel objected to a supplemental jury instruction; counsel did not, however, explicitly state to the district court that the instruction violated the defendant's Fifth Amendment rights by serving as a constructive amendment to the indictment. Id. at 982. The Eighth Circuit noted that the defense's objection "perhaps sufficed to preserve the objection for review on appeal without subjecting it to the plain error standard of review . . . [b]ut the objection did not precisely identify the error as a violation of Stuckey's Fifth Amendment rights." Id. The court went on to evaluate whether the defendant articulated a constructive amendment argument on appeal, and ultimately concluded he did not, based on the lack of argument presented in his brief. Id.

---

by a car. Well, there is always a risk when you walk across a street that you may be hit by a car. Is it a substantial risk? No. Is it a reasonable risk? Maybe. But that risk is always there, and there's always a risk that a person could use drugs two years from now, three years from now, four years from now. There's always that risk that a person who hasn't even used drugs in his life may start using in the future, just like alcohol. They may not have used alcohol in their entire life and two years from now or four years from now there's that risk, but it's not substantial, and under the context of this case and in my example it wouldn't be reasonable.

(Tr. at 538-39.) While defense counsel identified the "risk" language as objectionable, we agree that he did not specifically object to instruction 11 on Fifth Amendment grounds.

The Stuckey Court did not consider the defendant's constructive amendment argument because the defendant failed to present it to the court on appeal, not because of the adequacy of the objection at the district court. While the Stuckey Court noted the defendant's failure to object to the jury instruction on Fifth Amendment grounds, the court never stated that this would result in plain error review. Even if we were to review the jury instruction for plain error, however, we would still reverse.

We agree with the defendant that the district court's instruction constructively amended the indictment. The statute plainly states that it is unlawful for a person to dispose of a firearm to any person "knowing or having reasonable cause to believe that such person . . . *is* an unlawful user of or addicted to a controlled substance." 18 U.S.C. § 922(d)(3) (emphasis added). When the district court instructed the jury to find Collins guilty if he reasonably believed there was a risk Chepanonis would be an unlawful user while in control of the returned firearms, this broadened the scope of the statute considerably. The statute requires an evaluation of Chepanonis's status as an unlawful user at the time of the disposal of the firearms to him; the district court's instruction, however, focused the jury on Chepanonis's status as an unlawful user at any point after the firearms were in his possession. Although the district court indicated that the risk language was intended to target the harm the statute was meant to prevent, at the same time the instruction significantly altered the nature of the charges Collins faced.

The Eighth Circuit has not prepared a model instruction for § 922(d)(3). In fact, to our knowledge no case in the Eighth Circuit, or any other circuit, has specifically addressed subsection (d)(3) of § 922. The district court's instruction in this case would have been adequate if it had eliminated the risk language, and instead stated the following:

> The Government is not required to prove that the unlawful user was using a controlled substance at the moment the defendant returned the

firearms to him; but the Government is required to prove that at the time the firearms were returned the Defendant knew or had reasonable cause to believe Mr. Chepanonis was an unlawful user of a controlled substance.

This instruction tracks the language of the statute, and provides the jury with adequate guidance in reaching its decision.

## III. Conclusion

The district court's instructions to the jury in regards to § 922(d)(3) constructively amended the indictment, and is reversible error per se. Accordingly we reverse the conviction and remand for proceedings consistent with this opinion.

_____