STATE OF NORTH CAROLINA v. GENE PATRICK OAKS

No. COA02-1713

(Filed 20 April 2004)

## 1. Firearms and Other Weapons— forfeiture—drug use

The trial court had the authority to order the forfeiture and destruction of firearms seized from a home where it found that defendant was an unlawful user of a controlled substance.

## 2. Firearms and Other Weapons— forfeiture—evidence of drug use—not concurrent—opportunity to object

The court abused its discretion by ordering that firearms belonging to defendant's wife be destroyed because she was an unlawful user of controlled substances where the evidence against her consisted of hearsay testimony from her husband's plea hearing and marijuana convictions from 1992 and 1988. She had no notice or opportunity to object to the testimony at the time it was given, and the drug use was not concurrent with the firearms possession.

## 3. Firearms and Other Weapons— forfeiture—federal law applied in state court

The trial court properly based its decision not to return weapons to a marijuana user on federal law despite defendant's contention that the court lacked jurisdiction to apply federal law in a state criminal proceeding. The court cannot issue an order that would place the court and defendant in violation of federal law.

## 4. Firearms and Other Weapons— forfeiture order—indefinite time

A trial court conclusion that defendant and his wife (who are marijuana users) may not possess firearms on their premises was

vacated because it was for an indefinite time. The order apparently presumes that defendant will always be an unlawful user of controlled substances.

Appeal by defendant from judgment entered 2 July 2002 by Judge Melzer A. Morgan, Jr. in Rockingham County Superior Court. Heard in the Court of Appeals 17 September 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Joan M. Cunningham and Special Deputy Attorney General John J. Aldridge, III, for the State.*

*Robert A. Hassell for defendant.*

TIMMONS-GOODSON, Judge.

Gene Patrick Oaks ("defendant") appeals from a trial court order providing that the Rockingham County Sheriff destroy weapons and ammunition seized during defendant's arrest on drug and weapons charges. For the reasons stated herein, we affirm in part, vacate in part, and remand the trial court's order.

The factual and procedural history of this case is as follows: On 19 September 2001, Deputy F. K. Woods ("Deputy Woods") of the Rockingham County Sheriff's Department executed a search warrant at defendant's residence. The search warrant was issued based on information provided by a confidential source claiming that marijuana was present in the home. The warrant alleged that defendant's wife, Elizabeth Shackleford Oaks ("Elizabeth"), maintained and sold drugs at the home. When Deputy Woods arrived at the house, defendant was in the backyard on his lawn mower. Deputy Woods and another deputy approached defendant and explained that they had a warrant to search the residence. The three of them entered the house, where Elizabeth was located. Deputy Woods advised both defendant and Elizabeth of their *Miranda* rights and conducted a search of the residence.

During the search, Deputy Woods found less than one-half ounce of marijuana, digital scales, rolling papers and a pipe. Deputy Gray Smith ("Deputy Smith") found a fully automatic MAK 90 rifle and thirty other firearms in defendant's bedroom. Defendant was arrested and charged with the following crimes: one count of possession of a weapon of mass death and destruction, pursuant to N.C. Gen. Stat. § 14-288.8, based on his possession of the MAK 90 rifle; misdemeanor possession of drug paraphernalia, pursuant to N.C.

Gen. Stat. § 90-113.22; and simple possession of marijuana, pursuant to N.C. Gen. Stat. § 90-95(d)(4). The record does not reflect that Elizabeth was arrested or charged with any crimes.

Defendant pled not guilty to the misdemeanor charges of possession of marijuana and possession of drug paraphernalia in district court, but was convicted of both charges. He appealed the judgments to the superior court for trial *de novo*. Prior to trial in superior court, the State and defendant entered into a negotiated plea whereby the felony charge of possession of a weapon of mass destruction was dismissed in return for defendant's pleas of guilty to the misdemeanors of simple possession of marijuana and possession of drug paraphernalia. At defendant's guilty plea hearing on 4 June 2002, Deputy Woods testified as follows about the search of defendant's residence: "I asked Mr. Oaks if he had narcotics in the house. He stated he had a small smoke sack in the kitchen behind the curtains, and told me at the time him and his wife smoked pot about every other day."

At the conclusion of the plea hearing, the State notified defendant and the trial court that it would file a motion to have all of the firearms and ammunition seized from the residence destroyed. The trial court instructed the State to serve notice of the motion on defendant. In response to an inquiry from the State, defendant's attorney stated that he represented Elizabeth as well, and would accept service on her behalf. With the agreement of both counsel, the trial court scheduled the hearing for the disposition of the firearms for 28 June 2002.

On 28 June 2002, a hearing was conducted on the State's motion for an order of disposition of the firearms pursuant to N.C. Gen. Stat. § 15-11.1(b1) and 18 U.S.C. §§ 922(d)(3) and (g)(3). Defendant conceded that the MAK 90 rifle should be forfeited, but contested the motion as it pertained to the remaining non-automatic firearms. After the hearing, the trial court entered an order containing the following pertinent findings of fact:

4. That the thirty-one firearms on the attached "List of Firearms Still in Custody of Sheriff's Dept." were seized pursuant to a valid search warrant;

5. That the ammunition was seized pursuant to a valid search warrant;

6. That the firearms seized were manufactured outside of North Carolina and are "in commerce";

7. That the Defendant and Mrs. Oakes [sic] are unlawful users of the controlled substance marihuana;

8. That the following items in the above mentioned attached list; namely, items 26-33, 26-24, 26-25, 25-28, 25-29, and 25-30 were purchased by Mrs. Oakes [sic];

9. That the following items in the above mentioned attached list were not inherited by Mrs. Oakes [sic] from her father; namely, items 22, 24, 9, 14, and 8, having a value of at least $4,000.00;

10. That all items except those listed in paragraph 8 and items 4, 17, and 15 belong to the Defendant. These excepted items belong to Mrs. Oakes [sic];

The trial court then concluded as a matter of law that defendant and Elizabeth were prohibited from possessing "firearms or ammunition on their own premises even for their own personal protection." The trial court ordered the destruction of all weapons and ammunition seized from the house. It is from this order that defendant appeals.

Defendant argues that the trial court erred by ordering the weapons and ammunition destroyed because (I) the trial court lacked authority to order the forfeiture and destruction of the firearms; (II) the decision not to return the weapons was improperly based on federal law; and (III) some of the weapons were the property of defendant's wife, who was not a defendant in the instant criminal action.

[1] Defendant first argues that the trial court did not have authority to order the forfeiture and destruction of the firearms seized from the house. We disagree.

North Carolina General Statutes provide for the disposition of firearms seized pursuant to a search warrant as follows:

[If] the district attorney determines the firearm is no longer necessary or useful as evidence in a criminal trial, the district attorney, after notice to all parties known or believed by the district attorney to have an ownership or a possessory interest in the firearm, including the defendant, shall apply to the court for an order of disposition of the firearm. The judge, after hearing, may order the disposition of the firearm in one of the following ways:

(1) By ordering the firearm returned to its rightful owner, when the rightful owner is someone other than the defendant and

upon findings by the court (i) that the person, firm, or corporation determined by the court to be the rightful owner is entitled to possession of the firearm and (ii) that the person, firm, or corporation determined by the court to be the rightful owner of the firearm was unlawfully deprived of the same or had no knowledge or reasonable belief of the defendant's intention to use the firearm unlawfully.

(2) By ordering the firearm returned to the defendant, but only if the defendant is not convicted of any criminal offense in connection with the possession or use of the firearm, the defendant is the rightful owner of the firearm, and the defendant is not otherwise ineligible to possess such firearm.

(3) By ordering the firearm turned over to be destroyed by the sheriff of the county in which the firearm was seized or by his duly authorized agent. The sheriff shall maintain a record of the destruction of the firearm.

N.C. Gen. Stat. § 15-11.1(b1) (2003). Because the language of the statute authorizes the trial court to dispose of firearms at its discretion, we will not disturb such rulings unless an abuse of discretion is established. "An abuse of discretion occurs where the trial judge's determination is manifestly unsupported by reason and is so arbitrary that it could not have been the result of a reasoned decision." *State v. Reed*, 355 N.C. 150, 155, 558 S.E.2d 167, 171 (2002) (citations omitted).

In the case *sub judice*, the trial court ordered defendant's firearms destroyed because it found as fact that defendant is an unlawful user of the controlled substance marijuana. This finding of fact is supported by Deputy Woods's testimony that defendant "told me at the time him and his wife smoked pot about every other day." Based on this evidence, the disposition of the weapons to defendant would have placed the trial court in violation of 18 U.S.C. § 922(d)(3) (2000), which prohibits disposing of firearms to an unlawful user of controlled substances, and it would have placed defendant in violation of 18 U.S.C. § 922(g)(3), which prohibits an unlawful user of controlled substances from receiving firearms that have been shipped or transported in interstate commerce.[1] Thus, the trial court acted in accordance with N.C. Gen. Stat. § 15-11.1(b1)(2), which permits the trial court to return firearms to a defendant only if the defendant is not otherwise ineligible to possess the firearm. Defendant may not

---

1. The trial court took judicial notice that "the firearms seized were manufactured outside of North Carolina."

receive those firearms as an unlawful user of controlled substances. Therefore, we conclude that the trial court acted properly within its discretion, and we affirm the trial court's decision to destroy defendant's weapons.

[2] The trial court ordered Elizabeth's firearms destroyed because it found as fact that Elizabeth is also an unlawful user of the controlled substance marijuana.[2] This finding of fact is supported by the following evidence entered at the hearing: (1) Deputy Woods's testimony that defendant "told me at the time him and his wife smoked pot about every other day;" and (2) Elizabeth's prior convictions for simple possession of marijuana in 1992 and simple possession of marijuana and possession of drug paraphernalia in 1988. The State argued at the disposition hearing that Deputy Woods's testimony regarding marijuana smoking was admissible against Elizabeth because Elizabeth's prior convictions corroborate Deputy Woods's testimony. We disagree.

Deputy Woods's testimony at defendant's guilty plea hearing that "defendant told me at the time him and his wife smoked pot about every other day" is hearsay without exception as it pertains to Elizabeth. " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, N.C. R. Evid. 801(c) (2003). Elizabeth became involved in this case after the trial court accepted defendant's guilty plea, when the district attorney notified her that he would file a motion seeking the destruction of her firearms. Because Elizabeth was not a defendant in this case, and was not represented by counsel until the conclusion of the guilty plea hearing, it follows that she did not have the opportunity to object to this testimony at the time it was given. She had no notice, according to the record, that this testimony was to be offered to prove that she smokes marijuana on a regular basis until after it was entered into evidence. Therefore, we hold that this statement cannot be used to support a conclusion of law that Elizabeth is an unlawful user of controlled substances. To permit the use of this testimony against Elizabeth violates her rights of due process and constitutes an abuse of discretion by the trial court.

---

2. This Court notes that neither the State nor defendant raises the question of whether defendant has standing to contest the destruction of Elizabeth's weapons. Hence, the question of standing is not before this Court and we will not address that question in our analysis.

Elizabeth's prior convictions for possession of marijuana in 1992 and 1988 are also not sufficient to support a finding of fact that she is currently an unlawful user of a controlled substance. The federal courts have consistently held that 18 U.S.C. § 922(d)(3) applies where a defendant's possession of a firearm is concurrent with his or her habitual drug use. *See United States v. Purdy*, 264 F.3d 809, 812 (9th Cir. 2001); *United States v. Williams*, 216 F.Supp. 2d 568, 575 (E.D. Va. 2002); *United States v. Collins*, 350 F.3d 773, 775-76 (8th Cir. 2003); *United States v. Bennett*, 329 F.3d 769, 776-77 (10th Cir. 2003); *United States v. Edmonds*, 348 F.3d 950, 953 (11th Cir. 2003). Because we conclude that the trial court may not use Deputy Woods's testimony as evidence of Elizabeth's recent drug use, we hold that evidence tending to show drug use ten to fourteen years prior is not sufficient to support a finding or conclusion that Elizabeth is presently an unlawful user of controlled substances. Accordingly, we vacate the conclusions of law by the trial court pertaining to Elizabeth. For the reasons stated above, the trial court abused its discretion by ordering Elizabeth's weapons destroyed.

[3] Defendant next argues that the trial court erred because the decision not to return the weapons was improperly based on federal law. We disagree.

The United States Code provides for the disposition of firearms as follows:

> It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . is an unlawful user of or addicted to any controlled substance;
>
> . . . .
>
> It shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. §§ 922(d)(3) and (g)(3) (2000).

In the case *sub judice*, the trial court concluded that "it would be inappropriate for the Court to return the ammunition and guns to the Defendant . . . ." This conclusion is supported by the finding of fact

that defendant is an unlawful user of the controlled substance marijuana. Defendant argues that the trial court "lacks jurisdiction to apply federal law in a state criminal proceeding." However, the trial court cannot issue an order that would place the court and defendant in violation of federal law. Accordingly, the trial court sought to comply with 18 U.S.C. § 922(d)(3) by not disposing of the firearms to a defendant that it recognized as an unlawful user of controlled substances, and it sought to comply with 18 U.S.C. § 922(g)(3) by not allowing an unlawful user of controlled substances to receive firearms that have been shipped or transported in interstate commerce. We affirm the trial court's order in this regard.

**[4]** We do, however, take exception to the trial court's conclusion of law[3] that defendant and Elizabeth "may not possess firearms or ammunition on their own premises even for their own personal protection." Our concern is that the trial court's language is unconditional and without any time limits.

North Carolina courts have long deemed it reasonable to regulate, without infringing upon, the right to bear arms under certain circumstances. We have prohibited " 'the carrying of deadly weapons when under the influence of intoxicating drink, or to a church, polling place, or public assembly, or in a manner calculated to inspire terror . . . .' " *State v. Dawson*, 272 N.C. 535, 546, 159 S.E.2d 1, 10 (1968) *quoting State v. Kerner*, 181 N.C. 574, 107 S.E. 222 (1921). *See* N.C. Gen. Stat. § 14-415.1 (2003).

However, in the case *sub judice*, for the trial court to decree that defendant may not possess firearms for an indefinite time is too open-ended to be reasonable. Even when we consider the fact that defendant is currently an unlawful user of controlled substances for the purposes of 18 U.S.C. § 922, we cannot affirm an order that apparently presumes that he will always be an unlawful user of controlled substances, and therefore may never possess firearms. Accordingly, we vacate the trial court's conclusions of law that defendant may not possess firearms or ammunition on his own premises, even for his own protection, without time limitation.

---

3. We note that a "conclusion of law" is typically a statement by which a trial court subjects the facts of a case to the applicable common or statutory law. However, a conclusion of law may also be a "final judgment or decree which the law requires in view of the facts found." *Cf. Peoples v. Peoples*, 10 N.C. App. 402, 408, 179 S.E.2d 138, 141 (1971). By both definitions, a conclusion of law may be reviewed on appeal for errors in the underlying findings of fact or, as in the case *sub judice*, for errors in the application of the law.

For the aforementioned reasons, we affirm the trial court's order in part, vacate in part, and remand to the trial court for further proceedings consistent with this opinion.

Affirmed in part, vacated in part, and remanded.

Judges HUDSON and ELMORE concur.