THELMA GAINEY, Plaintiff v. HERBERT F. GAINEY, Defendant

No. COA07-1573

(Filed 2 December 2008)

**Firearms and Other Weapons— surrendered pursuant to domestic violence protective order—motion to return— statutory inquiry not conducted**

An order for the return of firearms surrendered pursuant to a domestic violence protective order was remanded where the court did not conduct the inquiry required by N.C.G.S. § 50B-3.1(f), but made findings on the legality of the seizure, which was not raised by the motion and on which no relevant evidence was presented.

Appeal by Guilford County Sheriff from order entered 31 August 2007 by Judge Linda L. Falls in Guilford County District Court. Heard in the Court of Appeals 26 August 2008.

*Office of Guilford County Attorney, by Matthew L. Mason, for Guilford County Sheriff, BJ Barnes, appellant.*

*No brief filed on behalf of plaintiff.*

*No brief filed on behalf of defendant.*

STROUD, Judge.

The Guilford County Sheriff ("the Sheriff") contends that the trial court erred when it granted defendant's motion for the return of weapons surrendered pursuant to a domestic violence protective order because defendant is prohibited from owning or possessing any firearm pursuant to 18 U.S.C. § 922. We reverse and remand.

I. Factual Background

On 4 December 2006 plaintiff filed a complaint pursuant to Chapter 50B seeking a domestic violence protective order ("DVPO"). The complaint alleged that on 3 December 2006 defendant "grabbed [plaintiff] by [the] neck and dug into [her] with his fingernails" and that defendant had physically and emotionally abused plaintiff throughout their forty-eight year marriage. Furthermore, the complaint alleged that defendant had "several guns" and had threatened plaintiff with a gun in the past.

Judge Lawrence C. McSwain found that plaintiff had been "placed in fear of imminent serious bodily injury" and entered an *ex parte* DVPO against defendant. The order prohibited defendant, *inter alia*, from threatening plaintiff, visiting plaintiff's residence or workplace, and *"possessing, owning, . . . or purchasing a firearm for the effective period of th[e] Order."* (Emphasis added.) However, the order did not specifically direct that defendant surrender his firearms to the sheriff. Guilford County Deputy Sheriff B. K. Henderson served the DVPO upon defendant on 4 December 2006. At Deputy Henderson's request, defendant surrendered seven (7) firearms. The *ex parte* DVPO was dissolved on 13 December 2006.

On 5 April 2007, defendant filed a *pro se* Motion for Return of Weapons Surrendered Under Domestic Violence Protective Order. Defendant filed an amended motion prepared by his counsel, which included a listing of the firearms in the Sheriff's custody, on 25 April 2007. The motion was heard on 29 August 2007. The Sheriff was represented by counsel at the hearing and opposed the motion, offering evidence that defendant had been committed to a mental institution in 2004 and arguing that he was thus precluded from receiving the firearms. The trial court entered an order on 31 August 2007 directing the Sheriff to return defendant's firearms. The Sheriff appeals.[1]

## II. Legal Analysis

On appeal, the Sheriff argues that the trial court erred by (1) finding that the Sheriff improperly seized defendant's firearms, (2) failing to conduct an inquiry as required by N.C. Gen. Stat. § 50B-3.1(f) before ordering return of the firearms, and (3) ordering the return of the firearms to a person who was prohibited by the law from possessing them. We agree.

The appeal of an order for the return of firearms pursuant to N.C. Gen. Stat. § 50B-3.1(f)[2] appears to be one of first impres--

---

1. The Sheriff filed a motion to dismiss this appeal as moot on 6 August 2008 because defendant died during the pendency of this appeal. However, the trial court must conduct the statutorily required inquiry for return of firearms to either the defendant, N.C. Gen. Stat. § 50B-3.1(f), or to a third party, N.C. Gen. Stat. § 50B-3.1(g). The Sheriff must still comply with the provisions of N.C. Gen. Stat. § 50B-3.1 in either returning the firearms to defendant's estate or heirs or in obtaining permission of the court for other disposition of the firearms. Thus, because the sheriff continues to hold the firearms, defendant's death does not moot the issue raised in this appeal.

2. The court shall determine whether the defendant is subject to any State or federal law or court order that precludes the defendant from owning or possessing a firearm. The inquiry shall include:

sion. Therefore, our first task is to determine the appropriate standard of review.

When the trial court sits as fact-finder without a jury: "it must (1) find the facts on all issues joined in the pleadings; (2) declare the conclusions of law arising from the facts found; and (3) enter judgment accordingly." *Stachlowski v. Stach*, 328 N.C. 276, 285, 401 S.E.2d 638, 644 (1991) (citing N.C. Gen. Stat. § 1A-1, Rule 52).

> The standard of appellate review for a decision rendered in a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. Findings of fact are binding on appeal if there is competent evidence to support them, even if there is evidence to the contrary.

*Sessler v. Marsh*, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163 (2001) (citations omitted), *disc. review denied*, 354 N.C. 365, 556 S.E.2d 577 (2001).

The trial court's order contains only one substantive finding:

> The Ex Parte Domestic Violence Order of Protection signed by the Honorable Lawrence C. McSwain and entered on 12-4-06 did not order defendant to surrender to the Sheriff firearms or other items pursuant to Paragraph 13, page 5 at said Order. Defendant's property was seized without an order of the court and such seizure was improper.

According to the statute, the trial court was required to conduct an inquiry before returning defendant's firearms and find facts as to the only substantive issue raised by the motion: "[W]hether the defendant [was] subject to any State or federal law or court order

---

(1) Whether the protective order has been renewed.

(2) Whether the defendant is subject to any other protective orders.

(3) Whether the defendant is disqualified from owning or possessing a firearm pursuant to 18 U.S.C. § 922 or any State law.

(4) Whether the defendant has any pending criminal charges, in either State or federal court, committed against the person that is the subject of the current protective order.

The court shall deny the return of firearms, ammunition, or permits if the court finds that the defendant is precluded from owning or possessing a firearm pursuant to State or federal law . . . .

N.C. Gen. Stat. § 50B-3.1(f) (2007).

that preclude[d] the defendant from owning or possessing a firearm." N.C. Gen. Stat. § 50B-3.1(f); *see also State v. Oaks*, 163 N.C. App. 719, 725-26, 594 S.E.2d 788, 792 (2004) (affirming the trial court's refusal to return seized firearms to a known drug user because "the trial court cannot issue an order that would place the court and defendant in violation of federal law"); *Fayetteville Publ'g Co. v. Advanced Internet Tech, Inc.*, 190 N.C. App.·——, ——, 665 S.E.2d 518, 524 (2008) ("In order to prevail in [his] action for return of the [property], plaintiff needed to show that [he] was entitled to *immediate possession of the property*." (Emphasis added.)); *accord* Fed. R. Crim. P. 41(g) ("A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. . . . The court must receive evidence on any factual issue necessary to decide the motion."); *United States v. Bein*, 214 F.3d 408, 411 (3rd Cir. 2000) ("It is well settled that the Government may seize evidence for use in investigation and trial, but that it must return the property once the criminal proceedings have concluded, *unless it is contraband* or subject to forfeiture." (Emphasis added.)), *cert. denied*, 534 U.S. 943, 151 L. Ed. 2d 240 (2001). However, rather than comply with the statute and squarely address the only substantive issue raised by the motion, the trial court made findings on the legality of the Sheriff's seizure of the firearms, an issue which was not raised by defendant's motion and on which no relevant evidence was presented. *See McDevitt v. Stacy*, 148 N.C. App. 448, 451, 559 S.E.2d 201, 205 (2002) ("[A] pleading must give sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and to get any additional information he may need to prepare for trial." (Citation, quotation marks and ellipses omitted.)). Indeed, defendant did not challenge the propriety of the Sheriff's seizure of his firearms in either of his two motions for return and as best we can tell from the record, he voluntarily turned them over to the deputy.

There was highly persuasive evidence in the record that defendant had been committed to a mental institution in 2004, which under federal law would have precluded defendant from receiving a firearm. *See* 18 U.S.C. § 922(g)(4) (2006). Furthermore, there was no evidence in the record to indicate that the seizure of defendant's firearms by the Guilford County Sheriff's Department was illegal. Because the trial court did not make the findings required by the statute, and because the findings that it did make were not raised in the motion and were not supported by any relevant evidence, we

reverse and remand in order for the trial court to conduct a proper inquiry as required by N.C. Gen. Stat. § 50B-3.1.

Reversed and remanded.

Judges McGEE and McCULLOUGH concur.