An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1101

Filed 3 September 2025

Moore County, No. 22CVD001194-620

TAMMY MCPHERSON, Plaintiff,

v.

SAMUEL R. MCPHERSON, Defendant.

Appeal by Defendant from Order entered 7 August 2024 by Judge Yohan Namkung in Moore County District Court. Heard in the Court of Appeals 10 June 2025.

> *Legal Aid of North Carolina, Inc., by James Battle Morgan, Jr., TeAndra H. Miller, Celia Pistolis, and Teri S. Armendarez, for Plaintiff-Appellee.*
>
> *Foyles Law Firm, PLLC, by Jody Stuart Foyles, for Defendant-Appellant.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Samuel R. McPherson (Defendant) appeals from an Order denying his Motion for Return of Weapons Surrendered Under Domestic Violence Protective Order. The Record before us tends to reflect the following:

On 29 September 2022, Tammy McPherson (Plaintiff) filed a Complaint and Motion for Domestic Violence Protective Order against Defendant. That same day, Plaintiff was awarded an *ex parte* Domestic Violence Order of Protection effective through 5 October 2022. Under the *ex parte* Order, Defendant was required to surrender all firearms, ammunition, and gun permits to the Moore County Sheriff's Department.

On 29 March 2023, Plaintiff was granted a Domestic Violence Order of Protection (DVPO) effective for one year, through 29 March 2024. On 21 February 2024, Plaintiff filed a Motion to Renew Domestic Violence Protective Order. Plaintiff filed an Amended Motion on 23 February 2024. On 22 May 2024, Plaintiff's Motion to Renew Domestic Violence Protective Order was denied.

On 17 June 2024, Defendant filed a Motion for Return of Weapons Surrendered Under Domestic Violence Protective Order. A hearing on the Motion was held on 7 August 2024. At the hearing, the trial court conducted a colloquy with Defendant to determine whether Defendant was entitled to the return of his firearms under N.C. Gen. Stat. § 50B-3.1. During the course of this colloquy, Defendant testified he had been convicted of "a misdemeanor crime of violence including domestic violence[,]" specifically, Assault on a Female.

Later that same day, the trial court entered an Order denying Defendant's Motion for Return of Weapons on the basis Defendant had been "convicted of a crime

of misdemeanor domestic violence." On 4 September 2024, Defendant timely filed Notice of Appeal.

## Issue

The dispositive issue on appeal is whether Defendant preserved his argument that he is not disqualified from the return of his firearms under 18 U.S.C. § 922.

## Analysis

Our standard of review of an order rendered in a non-jury trial which grants or denies the return of firearms pursuant to N.C. Gen. Stat. § 50B-3.1 is "whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment." *Gainey v. Gainey*, 194 N.C. App. 186, 188, 669 S.E.2d 22, 23-24 (2008) (citation omitted). "Findings of fact are binding on appeal if there is competent evidence to support them, even if there is evidence to the contrary." *Id.* (citation omitted).

N.C. Gen. Stat. § 50B-3.1(f) sets forth the inquiry which the trial court must make on a motion for return of firearms. The trial court's inquiry must include:

(1) Whether the protective order has been renewed.

(2) Whether the defendant is subject to any other protective orders.

(3) Whether the defendant is disqualified from owning or possessing a firearm pursuant to 18 U.S.C. § 922 or any State law.

(4) Whether the defendant has any pending criminal charges, in either State or federal court, committed against the person that is the subject of the current protective order.

N.C. Gen. Stat. § 50-3.1(f) (2023).

At the hearing, the evidence was undisputed that the DVPO had not been renewed, Defendant was not subject to any other protective orders, and Defendant did not have any pending criminal charges. However, Defendant testified he had been convicted of a misdemeanor crime of domestic violence. Under 18 U.S.C. § 922, it is unlawful for any person who has been convicted of a misdemeanor crime of domestic violence "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C.A. § 922(g)(9) (West). Based on this evidence, the trial court concluded Defendant was disqualified from the return of his firearms.

On appeal, Defendant argues the trial court's Conclusion was erroneous because Assault on a Female is not a misdemeanor crime of domestic violence. It is well-established that a party is not entitled to seek relief on appeal from an action the party invited. *See e.g.*, *State v. Payne*, 280 N.C. 170, 171, 185 S.E.2d 101, 102 (1971) ("Ordinarily one who causes . . . the court to commit error is not in a position to repudiate his action or assign it as ground for a new trial."); *Frugard v. Pritchard*, 338 N.C. 508, 512, 450 S.E.2d 744, 746 (1994) ("A party may not complain of action which he induced." (citations omitted)).

Here, Defendant testified he had been convicted of a misdemeanor crime of domestic violence. The trial court specifically asked Defendant:

> [Trial Court]: *Have you ever been convicted of a misdemeanor crime of violence including domestic violence* in either state or federal court?
>
> [Defendant]: *Yes, sir. I was convicted of assault on a female.*
>
> [Trial Court]: All right. And that was here in Moore County, February of what year, sir?
>
> [Defense Counsel]: Last year.
>
> [Defendant]: Yeah, 2023, sir.
>
> [Trial Court]: And who is the victim of the crime?
>
> [Defendant]: [Plaintiff].

(emphasis added). Likewise, in his Motion for Return of Weapons, Defendant marked the box corresponding "yes" to the question asking if he had "ever been convicted of a misdemeanor crime of violence (including domestic violence) in either a state or federal court[.]" Thus, even if the trial court's Conclusion was error, such error was invited by Defendant, and consequently, he is not entitled to relief on appeal. *See Payne*, 280 N.C. at 171, 185 S.E.2d at 102; *Frugard*, 338 N.C. at 512, 450 S.E.2d at 746.

Even setting aside any invited error, we agree with Plaintiff that Defendant failed to preserve his right to challenge the trial court's Conclusion on appellate review. Rule 10 of our Rules of Appellate Procedure provides:

In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.

N.C.R. App. P. 10(a)(1) (2025). Defendant's sole argument at the hearing was that 18 U.S.C. § 922 did not disqualify him from the return of his firearms because his firearms would not be "in or affecting commerce":

[Defense Counsel]: And under 18 U.S.C. 922(g) nine it says (indiscernible) any person who has been convicted in any court of a misdemeanor crime of domestic violence to ship or transport in interstate or foreign commerce or possess in or affecting commerce any firearm or ammunition or receive an [sic] firearm or ammunition which has been shipped or transported interstate or foreign commerce. So to me, Your Honor, I -- I don't think that would apply to this situation. This is -- this is not into or affecting commerce, foreign commerce. This is simply for -- for him to have here in North Carolina. . . . Again, we're not shipping a firearm in commerce at this point to give it back to him. We're merely taking it from wherever the sheriff's department keeps it to give it back to him as -- as to something he owned and possessed prior to the entry of the restraining order.

Defendant presented no argument to the trial court that his conviction for Assault on a Female did not qualify as a misdemeanor crime of domestic violence. To the contrary, Defendant conceded the issue. Thus, under Rule 10, Defendant's argument is not preserved for our review. *See also State v. Sharpe*, 344 N.C. 190, 194, 473 S.E.2d 3, 5 (1996) ("This Court has long held that where a theory argued on appeal was not raised before the trial court, 'the law does not permit parties to swap

horses between courts in order to get a better mount[.]' " (quoting *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934)) (other citations omitted)).  In his briefing to this Court, Defendant has not argued otherwise.  Therefore, appellate review of this issue is waived.[1]  Consequently, on the facts of this case, there was no reversible error in the trial court's denial of Defendant's Motion.

## **Conclusion**

Accordingly, for the foregoing reasons, we affirm the trial court's Order.


AFFIRMED.

Judges STROUD and GORE concur.

Report per Rule 30(e).

---

[1] Defendant has not raised any other theory or issue on appeal.