An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-569

Filed 18 March 2026

Wilkes County, Nos. 22CR000491-960, 22CR000492-960, 22CR000493-960, 22CR000494-960, 22CR000490-960

STATE OF NORTH CAROLINA

v.

KEVIN RAY REECE and DEBRA LEE GOLDMAN, Defendants.

Appeal by defendant Kevin Ray Reece from orders entered 17 February 2025 and 3 March 2025 by Judge William A. Wood in Wilkes County Superior Court. Heard in the Court of Appeals 10 February 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Teresa M. Postell, for the State-appellee.*
>
> *Reece Legal Services PLLC, by Chandler J. Reece, for defendant-appellant Kevin Ray Reece.*
>
> *Bosquez Porter Family Law, by Emily C. Jeske, for defendant-appellee Debra Lee Goldman.*

GORE, Judge.

Defendant Kevin Ray Reece ("Reece") appeals the trial court's order determining Defendant Debra Lee Goldman ("Goldman") is the rightful owner of a

certain diamond ring. Reece appeals of right pursuant to N.C.G.S. § 7A-27(b). Upon reviewing the record and the briefs, we affirm.

**I.**

On 29 March 2023, Reece pleaded guilty to two counts of felony obstruction of justice regarding the investigation of a diamond ring. Within the plea agreement between the State and Reece, the State agreed to maintain possession of the platinum-banded diamond ring until the court determined its rightful ownership. Further, the State agreed to take "no position on the ultimate disposition of the ring." Reece filed an application/petition for return of seized personal property pursuant to N.C.G.S. § 15-11.1(a) and sought a court order that the diamond ring be returned to Reece.

On 15 July 2024, Goldman pleaded guilty to insurance fraud and obstruction of justice regarding the investigation of the same platinum-banded diamond ring. The plea agreement between the State and Goldman included dismissal of three additional counts of obstruction of justice and for Goldman to pay $15,000 in restitution. Goldman filed an application/petition also seeking release of seized property pursuant to section 15-11.1(a) and claimed ownership of the diamond ring.

On 10 December 2024, the Superior Court, Wilkes County held an evidentiary hearing for Reece and Goldman to present evidence to the court for the proper disposition of the diamond ring. Both parties agreed Goldman was the original owner of the diamond ring, having received it from her ex-husband in 1999. Reece testified

Goldman sold the diamond ring to him in February 2018 for $17,000 in cash. Reece also testified he had no receipt, no cancelled check, no bill of sale, no emails, nor text messages demonstrating he purchased the ring from Goldman. The trial court heard testimony from Reece and Goldman, and additional testimony from Lisa Burcham Wall, a certified public accountant, and Victor Vanela, the former mayor of Ronda, North Carolina. The only written evidence suggesting Goldman sold the diamond ring to Reece was a document with notes taken by Wall during a meeting with Goldman. The note stated, "Kevin's business bought ring, $17,000 Personal Prop. Not Taxable." The trial court also considered affidavits from Kevin Slusher of Windsor Jewelers, excerpts from interviews with multiple witnesses by the State Bureau of Investigation ("SBI"), notes by the SBI investigators, and incident reports filed in the Wilkes County Sheriff's Office.

Following the evidentiary hearing, the trial court entered an order with findings of facts and conclusions of law and ultimately concluded the diamond ring belongs to Goldman. Reece filed a Motion for Appropriate Relief, and the trial court denied the motion. Reece timely appealed both orders.

## II.

Reece argues the trial court's findings are unsupported by the evidence and in turn do not support the conclusions of law. Reece abandons and voluntarily dismisses his additional issue seeking a stay by citing a change to the procedural posture in another civil case before the Superior Court, Wake County. Under section 15-11.1(a)

the trial court has discretion to determine the lawful owner of the seized property, thus we review the trial court's determination for an abuse of discretion. *See State v. Oaks*, 163 N.C. App. 719, 723 (2004); *see also* N.C.G.S. § 15-11.1(a) (2023). "When the trial court sits without a jury, [we review] . . . whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Jackson v. Culbreth*, 199 N.C. App. 531, 537 (2009) (citation omitted). Unchallenged findings are binding on appeal. *In re I.K.*, 377 N.C. 417, 422 (2021). Further, "it is the trial court's responsibility to pass upon the credibility of the witnesses and the weight to be given their testimony and the reasonable inferences to be drawn therefrom. . . . [A]ppellate courts may not reweigh the underlying evidence presented at trial." *Id.* at 426.

Reece argues the trial court's finding of fact 6 is unsupported by the evidence. The trial court made the following finding that Reece now challenges:

> 6. The only written evidence Reece presents to this Court of ownership of the ring is a note made by Lisa Wall, a Certified Public Accountant. The note was undated but purportedly made in March 2019, and it indicates that Mr. Reece's business bought a ring for $17,000. The note neither specifies any physical attributes of the ring nor states from whom Mr. Reece's business bought the ring.

According to Reece the trial court's finding 6 is unsupported because the note the trial court is referring to includes Goldman's name on the top it. Reece argues the trial court plainly "misread" the note and the "context made clear that Reece bought the ring because Reece's Exhibits 1A and 1B, taken as a whole, make clear the note came

from Goldman's tax file from a meeting on 26 March 2019, meaning that Goldman must have been the seller."

Reece does not challenge whether there is other written evidence but instead argues the trial court misread the evidence and improperly weighed the evidence. As previously stated, the trial court sits in a unique position to weigh the credibility of the witnesses and evidence. If there is competent evidence to support the finding, the trial court's finding will remain undisturbed despite evidence to the contrary. *Lincoln Terrace Assocs., Ltd. v. Kelly*, 179 N.C. App. 621, 623 (2006).

The trial court determined the written evidence was not satisfactory to establish ownership, and there being no further evidence to establish it, determined Goldman is the rightful owner of the diamond ring. The trial court received a lot of conflicting evidence, such as the loan Reece claimed he obtained from his friend, Jeff Hudspeth, who told SBI he did not recall giving a $9,000 loan to Reece, and the evidence Reece attempted to manipulate Slusher into saying he witnessed a cash transaction between Reece and Goldman. Goldman's testimony was equally conflicting and questionable, such as her assertion that Wall fabricated testimony to cover Reece and protect herself. We may not reweigh the evidence. The findings are supported by the evidence and in turn support the conclusions of law. Therefore, we discern no abuse of discretion.

**III.**

For the foregoing reasons, we determine the trial court's findings of fact are

supported by competent evidence and in turn support the conclusions of law. Therefore, the trial court's order is affirmed.

AFFIRMED.

Judges ARROWOOD and CARPENTER concur.

Report per Rule 30(e).